J-S18019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA MOSES, | |
| Appellant | No. 1268 EDA 2014 |

Appeal from the PCRA Order entered April 10, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0013653-2008

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 23, 2015**

Joshua Moses ("Appellant") appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The pertinent facts and procedural history have been summarized as follows:

> In the late afternoon of October 12, 2008, Appellant approached the elderly victim, Adrian Vasquez, on the street in Philadelphia and demanded money from him. Appellant showed the victim a gun that was hidden in Appellant's waistband.  Appellant took $94.00 from the victim's pocket and fled.  The victim and a friend got into a vehicle and chased Appellant.  The victim eventually exited the car and chased Appellant on foot.  After the victim chased Appellant into a fenced-in lot, Appellant shot the victim in the thigh.  Police were summoned to the area and eventually apprehended Appellant.  The area was secured overnight, and a gun was found by police the next day.

Appellant was charged with aggravated assault, robbery, and various other crimes. Following a non-jury trial, Appellant was convicted of the crimes stated above. On March 22, 2010, Appellant was sentenced to [an aggregate term of thirteen and one-half to twenty-seven years of imprisonment with ten years of consecutive probation]. On March 30, 2010, Appellant filed a post-sentence motion []. The trial court denied the motion on July 16, 2010. On July 21, 2010, Appellant filed [a] timely appeal.

*Commonwealth v. Moses*, 34 A.3d 220 (Pa. Super. 2011), unpublished memorandum at 1-3 (footnote omitted).

Concluding that Appellant failed to properly preserve his challenge to the discretionary aspects of his sentence, this Court, on September 12, 2011, affirmed Appellant's judgment of sentence. *Moses*, *supra*. On May 1, 2012, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Moses*, 42 A.3d 1059 (Pa. 2012).

On July 25, 2012, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and on September 24, 2013, PCRA counsel filed a "no-merit" letter and a petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). By order entered December 20, 2013, the PCRA court denied Appellant's PCRA petition. However, on February 19, 2013, the PCRA court received a letter from Appellant in which he stated that he never received the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition. Therefore, the PCRA court vacated its December 20, 2013 order dismissing Appellant's PCRA petition, and sent

Pa.R.Crim.P. 907 notice to Appellant. Appellant filed a response on March 17, 2014. By order entered April 10, 2014, the PCRA court dismissed Appellant's PCRA petition, and permitted PCRA counsel to withdraw. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Within his *pro se* brief, Appellant claims that the PCRA court erred in denying him post-conviction relief for the following reasons: 1) both trial counsel and PCRA counsel provided ineffective assistance; 2) the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963); 3) the actions of the trial court during Appellant's trial were an abuse of discretion; and 4) the trial court abused its discretion in sentencing Appellant. **See** Appellant's Brief at 3. We consider each claim separately.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the

record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012). An issue has been "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence." ***Koehler***, 36 A.3d at 131-132; 42 Pa.C.S.A. § 9544(a)(2). If a claim has not been previously litigated, the petitioner must prove that the issue was not waived. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post[-]conviction proceeding." ***Id.*** at 132; 42 Pa.C.S.A. § 9544(b).

Moreover, to the extent Appellant challenges the effectiveness of prior counsel, we note the following: To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or

- 4 -

innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. **Id.** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id.** Counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Appellant first claims that trial counsel was ineffective for failing to investigate his claim "that the witnesses contacted [him], and lured [him] to their location to attack [him]." Appellant's Brief at 8. According to Appellant, trial counsel should have "subpoena[ed] the phone records of his grandmother in-law Hattie M. Lane to show that the witnesses gave false testimonies when they were asked about their relationship with [him]." **Id.** Appellant further claims that counsel was ineffective because, had he obtained these phone records, they would have allowed him to present a

self-defense claim. Lastly, Appellant asserts that PCRA counsel was ineffective for filing a "no-merit" letter regarding these claims.

The PCRA court found these claims to be meritless. With regard to the phone records, the PCRA court reasoned:

> [Appellant] is unable to show that the issue underlying his claim of ineffective assistance [has] merit, and as such, the claim must fail. In his PCRA petition, [Appellant] maintains that the telephone records of his grandmother-in-law should have been subpoenaed, as they would have shown that Mr. Ortiz[, an associate of the victim,] had called that number. This, [Appellant] claims, would prove that Mr. Ortiz was lying when, during the preliminary hearing, he indicated that he did not know [Appellant]. [Appellant] further asserts that the phone records would prove that Mr. Ortiz contacted him in order to lure [Appellant] out and attack him, proving his claim of self-defense. [Appellant] also reasons that, when confronted with the telephone records, several witnesses would be forced to admit that they lied about their relationship with him, thus impeaching their credibility and leading to a different trial outcome. These claims are without merit. As discussed in PCRA counsel's **Finley** letter, the phone records in question would not prove [Appellant's] claims. The records would not indicate who made or received the calls, or provide the content of the conversations. As such, counsel cannot be ineffective for failing to subpoena them.
>
> ***
>
> [D]espite [Appellant's] contentions that the records would have proven his claim of self-defense and thus led to a different outcome in his case, without the content of the conversations or even proof of the parties involved in the calls, there is no reason to believe that the mere existence of records would have swayed the outcome. For the foregoing reasons, [Appellant's] claim of ineffective assistance of counsel must fail.

PCRA Court Opinion, 9/17/14, at 9-10.

Our review of the record supports the PCRA court's conclusions. Additionally, we note that claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. *Commonwealth v. Thomas*, 783 A.2d 328, 333 (Pa. Super. 2001). "This Court will not consider claims of ineffectiveness without some showing of a factual predicate upon which counsel's assistance may be evaluated." *Id.* (citation omitted). Appellant has not proffered any evidence that the phone records at issue would actually prove their alleged worth to a claim of self-defense. Thus, Appellant's claims amount to no more than "bare assertions" that provide no basis for a conclusion that counsel was ineffective. *Id.*[1] Further, because Appellant's underlying claim of trial counsel's ineffectiveness is meritless, his claim of PCRA counsel's ineffectiveness likewise fails. *Loner*, *supra*.

Appellant's related claim that trial counsel was ineffective for failing to pursue a claim of self-defense, and PCRA counsel's concomitant failure to pursue the ineffectiveness claim, is also meritless. As explained by the PCRA court:

---

[1] Appellant challenges several statements made by the PCRA court concerning trial counsel's apparent strategy regarding the phone records. *See* Appellant's Brief at 12-14. Appellant's ineffectiveness claims fail because he cannot establish prejudice. *See Travaglia*, *supra*. In addition, we note that Mr. Ortiz did not testify at Appellant's trial.

[Appellant] is unable to show that his claim of self-defense has merit, and, as such, his argument of ineffective assistance of counsel must fail. The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion. 18 Pa.C.S.A. § 505. Historically, the law of self-defense in Pennsylvania has permitted the use of force provided that: (1) The actor reasonably believed that force was necessary to protect himself; (2) The actor was not able to retreat or avoid the danger prior to the use of force; and, (3) The actor was free from fault in provoking or continuing [the difficulty]. ***Commonwealth v. Harris***, [703 A.2d 441, 449, (Pa. 1997).

[Appellant] may have believed that *some* force was necessary to protect himself, as the victim was chasing him while wielding a metal club. However, it is clear from the record that [Appellant] could have avoided danger prior to the use of force, and that he was in no way free from fault in provoking the victim. [Appellant] robbed Mr. Vasquez, provoking the chase that ended when [Appellant] shot Mr. Vasquez in the thigh in a Rite Aid parking lot, while Mr. Vasquez was still several feet from [Appellant]. [Appellant] could have abandoned the stolen property, which may have caused Mr. Vasquez to stop the chase. There were numerous witnesses to the incident in question, indicating that [Appellant] could have called out for help, or entered the Rite Aid to avoid further interactions with the victim. In addition, as this Court noted at the time of sentencing, [Appellant] could have used other, non-lethal means of subduing Mr. Vasquez, who was considerably older than [Appellant], rather than choosing to fire a gun in a public place. N.T., 9/30/2009, at 23. Because [Appellant] provoked Mr. Vasquez and because he chose to use deadly force rather than retreat into the Rite Aid or seek assistance, his self-defense claim is without merit, and counsel cannot have been ineffective for failing to raise it at trial.

PCRA Court Opinion, 9/17/14, at 8-9.

Once again, our review of the record supports the PCRA court's conclusions. Because Appellant provoked the encounter by robbing the victim, could have retreated into a nearby store, and unreasonably introduced the use of deadly force, Appellant's claim of self-defense would have been meritless. *See e.g.*, *Commonwealth v. Rivera*, 983 A.2d 1211, 1221 (Pa. 2009) (concluding that the defendant was not justified in responding to a police officer's pursuit by employing deadly force). Thus, trial counsel cannot be deemed ineffective for failing to pursue this defense at trial. *Loner*, *supra*. Moreover, Appellant's claim that PCRA counsel was ineffective for not pursuing trial counsel's ineffectiveness claim in an amended post-conviction petition fails.

In his next two claims, Appellant asserts that the Commonwealth committed a *Brady* violation when it failed to disclose an inconsistent statement made by Mr. Ortiz prior to the preliminary hearing, and that the trial court violated the Code of Judicial Conduct by leaving the bench during closing arguments to receive a cellular phone call. *See* Appellant's Brief at at 9. Both of these claims are waived under the PCRA because Appellant could have raised them on direct appeal. *Koehler*, *supra*. Thus, we need not address them further.

In his final claim, Appellant argues that the trial court abused its discretion in sentencing Appellant because "in sentencing [him], the trial [court] factors accounts [sic] already taken into consideration in the sentencing guidelines." Appellant's Brief at 9. To the extent Appellant

challenges the discretionary aspects of his sentence, a direct challenge of this type is non-cognizable under the PCRA. **See generally**, **Commonwealth v. Gonzalez**, 608 A.2d 528 (Pa. Super. 1992).

Appellant also asserts that his sentence is illegal under the United States Supreme Court's recent decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). However, "neither our Supreme Court nor the United States Supreme Court have held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Appellant's judgment of sentence became final in 2012, prior to the **Alleyne** decision. Additionally, we note that because Appellant's sentencing involved the application of the deadly weapon enhancement, **Alleyne** is inapplicable. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*) (noting that application of a sentencing enhancement does not violate the holding of **Alleyne**). Thus, Appellant's reliance upon **Alleyne** is inapt.

In sum, because Appellant's claims are without merit or waived, we affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2015