J-S67012-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : IN THE SUPERIOR COURT OF |
| | :          PENNSYLVANIA |
| Appellee | : |
| | : |
| v. | : |
| | : |
| CHRISTOPHER R. BAKER, | : |
| | : |
| Appellant | : No. 242 WDA 2014 |

Appeal from the PCRA Order January 23, 2014,
Court of Common Pleas, Potter County,
Criminal Division at No. CP-53-MD-0000119-1992

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED DECEMBER 11, 2015**

Christopher R. Baker ("Baker") appeals from the January 23, 2014 order entered by the Court of Common Pleas, Potter County, dismissing his petitions for relief pursuant to the Post-Conviction Relief Act ("PCRA").[1]  For the reasons set forth herein, we affirm.

This case returns to this Court for the fourth time.  The relevant facts and procedural history are as follows.  At the age of sixteen, Baker was arrested and charged with the May 6, 1992 killing of seventy-two-year-old Dorothy Wilkinson.  Baker was also charged with stealing Ms. Wilkinson's car after the murder.  On March 11, 1993, following a non-jury trial, Baker was convicted of first-degree murder and theft.[2]  The trial court sentenced Baker

---

[1]  42 Pa.C.S.A. §§ 9541-46.

[2]  18 Pa.C.S.A. §§ 2502(a), 3921(a).

*Former Justice specially assigned to the Superior Court.

on June 15, 1993, to the then- mandatory term of life imprisonment for first-degree murder, and eleven to forty-eight months imprisonment for the theft, which the trial court ordered to run concurrently with the life sentence. This Court affirmed the judgment of sentence on August 29, 1994.

Between December 16, 1996 and November 4, 2011, Baker filed three pro se PCRA petitions. The trial court denied all three of Baker's requests for relief, which this Court affirmed.[3] On May 21, 2012, Baker filed his fourth pro se PCRA petition.

On July 19, 2012, the PCRA court appointed Brent Petrosky, Esquire ("Attorney Petrosky") to represent Baker. Baker nevertheless filed a pro se amended PCRA petition on July 23, 2012, wherein he asserted that the decision in **Miller v. Alabama**, __ U.S. __, 132 S.Ct. 2455 (2012), holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," created a new constitutional right that should be applied retroactively to his case. **Id.** at 2469. The PCRA court continued the matter on October 16, 2012 pending

---

[3] The PCRA court granted Baker's November 19, 1998 petition in part to allow Baker to file a petition for allowance of appeal to the Pennsylvania Supreme Court nunc pro tunc. Our Supreme Court denied Baker's petition for allowance of appeal on May 26, 1999. **See Commonwealth v. Baker**, 739 A.2d 163 (Pa. 1999).

resolution by our Supreme Court of two cases regarding whether **Miller** applied retroactively.[4]

In the interim, on February 4, 2013, Baker filed a pro se petition for writ of habeas corpus, requesting vacation of his sentence in light of the **Miller** decision. Baker thereafter amended his petition on February 6, 2013. On June 18, 2013, the PCRA court issued an order stating that Baker's PCRA petition and petition for writ of habeas corpus would be held in abeyance until the Pennsylvania Supreme Court issued its decision in **Commonwealth v. Cunningham**, which would address whether **Miller** applied retroactively to defendants who sought relief through the PCRA.

On October 30, 2013, the Pennsylvania Supreme Court rendered its decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (U.S. 2014). Since the United States Supreme Court in **Miller** did not specifically address whether its holding was retroactive, our Supreme Court applied the retroactivity principles established by **Teague v. Lane**, 489 U.S. 288 (1989) (plurality), to its analysis of the issue. In **Teague**, the United States Supreme Court delineated a general rule that new procedural, constitutional rules were not retroactive. **Teague**, 489 U.S. at 300-10. As summarized by our Supreme Court in **Cunningham**, the general rule of non-retroactivity is subject to two narrow exceptions, which

---

[4] **See Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013); **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). The Pennsylvania Supreme Court heard argument on both cases on September 12, 2012.

extend to (1) "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense," and (2) "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Cunningham*, 81 A.3d at 4 (citing *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989); *Horn v. Banks*, 536 U.S. 266, 271 n.5 (2002)). The United States Supreme Court has since "appeared to have merged the first *Teague* exception with the principle that new **substantive** rules generally apply retroactively." *Cunningham*, 81 A.3d at 5 (emphasis in original) (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004)).

The *Cunningham* Court determined that the first exception to the general rule of non-retroactivity for new procedural constitutional rules pursuant to *Teague* did not apply to the holding in *Miller*. *Cunningham*, 81 A.3d at 10. The Court did not address the second *Teague* exception because the appellant did not develop an argument in support of its applicability. *Id.* As a result, the *Cunningham* Court held that the appellant in that case failed to present any argument to persuade the Court "that *Miller*'s proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of *Miller*'s announcement." *Id.* at 11.

On November 18 and December 27, 2013, Baker filed two additional pro se amended habeas petitions in which he presented several arguments

in support of vacating his sentence pursuant to **Miller**. On January 3, 2013, the PCRA court determined that Baker "failed to state a claim upon which relief may be granted based on the Pennsylvania Supreme Court's decision rendered in [] **Cunningham**[,]" and entered an order pursuant to Pa.R.Crim.P. 907, notifying Baker of its intention to dismiss his petitions without a hearing. **See** PCRA Court Order, 1/3/13, at 1. On January 23, 2014, the PCRA court dismissed Baker's PCRA petition and his habeas petition, the latter of which the PCRA court treated as an amended PCRA petition. Baker filed a pro se notice of appeal to this Court on February 3, 2014.

On March 12, 2014, Baker filed a motion for appointment of counsel. This Court entered an order on March 31, 2014, stating:

> As the trial court appointed [Attorney Petrosky] to represent [Baker] on July 19, 2012, and as there is no indication that [A]ttorney Petrosky was granted leave to withdraw, the prothonotary is directed to enter the appearance of [A]ttorney Petrosky in this Court. Should [A]ttorney Petrosky believe he is not representing [Baker], [A]ttorney Petrosky shall file a motion to withdraw in the lower court.

Order, 3/31/14.

Between April 28, 2014 and April 15, 2015, Attorney Petrosky filed three deficient attempts to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), despite this Court's detailed instructions on how to comply with the **Turner/Finley**

- 5 -

requirements. Thus, in a Memorandum dated May 13, 2015, we remanded the case to the PCRA court for the appointment of new counsel. *See Commonwealth v. Baker*, 242 WDA 2014, at 5-6 (Pa. Super. May 13, 2015) (unpublished memorandum).

On June 3, 2015, the PCRA court appointed Daniel A. Stefanides, Esquire ("Attorney Stefanides") to represent Baker. On July 24, 2015, Attorney Stefanides filed an advocate's brief with this Court on behalf of Baker, raising the following issue for our review:

> Did the [PCRA] court err in subsuming [Baker's] petition for writ of habeas corpus into his PCRA petition and dismissing it without a hearing?

Baker's Brief at 2.

In reviewing this issue, we are mindful that "[w]here the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). "To the extent review of the PCRA court's determinations is implicated, an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010).

It is well settled that the PCRA provides the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies … including habeas corpus[.]" 42 Pa.C.S.A. § 9542. The PCRA

"provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." *Id.* "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (italicization omitted); ***see also*** 42 Pa.C.S.A. § 6503(b) ("[T]he writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law."). If the issue is not cognizable under the PCRA, however, a writ of habeas corpus continues to exist as a separate remedy. ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998).

On appeal, Baker contends that the claims raised in his habeas petition are not cognizable under the PCRA and that therefore, the lower court improperly treated his habeas petition as a PCRA petition and erred by dismissing it without a hearing. Baker's Brief at 5-6. Specifically, Baker argues that he

> is not asserting his innocence of the crime he was convicted of nor is he arguing his sentence was illegal when it was originally imposed. Instead, [he] is arguing that the situation created by the Pennsylvania Supreme Court's ruling in ***Cunningham*** where juvenile offenders sentenced to mandatory sentences of life without parole are treated different based solely on when their sentence was handed down is a cruel punishment forbidden by Article I[,] Section 13 of the Pennsylvania Constitution.

*Id.* at 6.

In so arguing, Baker relies upon then Chief Justice Castille's concurring opinion in *Cunningham*, wherein the Chief Justice expressed concern with the resulting landscape in Pennsylvania following the majority's decision, stating:

> There is at least a colorable argument that there are now two classes of sentenced juvenile murderers, for whom the distinguishing factor has nothing to do with their crimes or their circumstances: those with final sentences who can never be assessed to determine if parole is appropriate, and those going forward who must be so assessed, based on *Miller* factors.

*Cunningham*, 81 A.3d at 15 (Castille, C.J., concurring).

Chief Justice Castille discussed the challenges presented to those prisoners whose sentences are final, finding that the PCRA offers no avenue for relief. *Id.* at 13-14. The Chief Justice presented several suggestions for resolving the "seeming inequity arising in the post-*Miller* landscape." *Id.* at 14. Most relevant to the case at bar, Chief Justice Castille asserted that "there is at least some basis in law for an argument that the claim is cognizable via a petition under Pennsylvania's habeas corpus statute, found at 42 Pa.C.S.[A.] § 6501 et seq." *Id.* at 18 (italiczation omitted). In support of his assertion, Chief Justice Castille cited to *Commonwealth v. Judge*, 916 A.2d 511 (Pa. 2007), wherein our Supreme Court found that the appellant's challenge to "the continued vitality of his sentence" was not cognizable by the PCRA and thus could be raised in a petition for writ of

habeas corpus. *Cunningham*, 81 A.3d at 18 (Castille, C.J., concurring) (quoting *Judge*, 916 A.2d at 521).

In *Judge*, the appellant was convicted of first-degree murder and sentenced to death. *Judge*, 916 A.2d at 513. The appellant escaped from custody two days after sentencing and fled to Canada. *Id*. The appellant subsequently committed a series of armed robberies in Canada and was arrested and sentenced to two ten-year terms of imprisonment to run concurrently. *Id*. "Canada refused to extradite [the] [a]ppellant to Pennsylvania, pursuant to the extradition treaty between the United States and Canada, which provides that Canada will not extradite any person to face a sentence of death in the United States." *Id*. After completing his terms of imprisonment in Canada in 1998, however, Canada deported the appellant to New York, and thereafter, New York extradited the appellant to Pennsylvania. *Id*. at 514.

The appellant filed a complaint with the United Nations Human Rights Committee (the "Committee"), arguing that Canada violated his human rights under the International Covenant for Civil and Political Rights ("ICCPR")[5], by deporting him to face his death sentence. *Id*. at 514-16. The Committee agreed, finding that Canada violated the ICCPR. Following the Committee's determination, the appellant filed a petition in Pennsylvania

---

[5] The ICCPR "is an international agreement that sets forth substantive and procedural rights to which all persons are entitled and establishes the Committee to monitor States-Parties' compliance with the treaty's provisions." *Judge*, 916 A.2d at 514-15.

"under either the PCRA or the statutory and constitutional right to habeas corpus relief[.]" *Id.* at 517. The appellant argued that "Canada's asserted violation of his human rights under the ICCPR requires that his sentence be reduced to life imprisonment or that he be returned to Canada to be deported or extradited in compliance with the Committee's ruling." *Id.* The PCRA court, assuming that his claims were cognizable under the PCRA, dismissed the appellant's petition.

On appeal, our Supreme Court was asked to determine whether the appellant's claims were cognizable under the PCRA or if a writ of habeas corpus was the proper avenue for relief. The *Judge* Court determined that "[t]he Committee's determination and the facts upon which it is based, regardless of their validity, have no connection to the truth-determining process and do not render the underlying adjudication of guilt or innocence … unreliable." *Id.* at 520. The *Judge* Court further held that the appellant was not challenging the conviction or sentence, but rather, was "challenging the continued vitality of his sentence, a claim that is at the heart of habeas corpus." *Id.* at 521. Thus, the *Judge* Court held that his claims were not cognizable under the PCRA and could be raised in a petition for writ of habeas corpus. *Id.* at 521.

In his appellate brief, Baker borrows the "continued vitality of his sentence" language from *Judge* and contends that he properly raised his constitutional claim in a habeas petition. Baker's Brief at 6. Baker argues

- 10 -

that his sentence is cruel punishment forbidden by Article I, Section 13 of the Pennsylvania Constitution and alleges that like the appellant in *Judge*, his claim was properly brought in a habeas petition since he "is not asserting his innocence to the crime he was convicted of nor is he arguing his sentence was illegal when it was originally imposed." *Id.* at 5-6.

*Judge* is distinguishable from the case presented herein, however, as the crux of the issue to be decided in *Judge* was whether the appellant's deportation from Canada, which resulted in him facing a death sentence, was a violation of his rights. The appellant's conviction and sentence remained final and were not addressed or affected by the Court's decision. In this case, Baker argues that he is entitled to a hearing on the merits of his claim that his sentence should be vacated because the uneven retroactive application of *Miller* violates Article I, Section 13's ban on cruel punishment. Unlike the situation presented in *Judge*, Baker's sentence is not an ancillary matter, but, is the ultimate issue to be decided. Thus, *Judge* does not support Baker's contention that his claim is not cognizable under the PCRA.

Moreover, this Court has held that "a claim that a sentence constitutes cruel and unusual punishment raises a question of the legality of the sentence[.]" *Commonwealth v. Brown*, 71 A.3d 1009, 1016 (Pa. Super. 2013). "Issues concerning the legality of sentence are cognizable under the PCRA." *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004).

Our review of the argument raised on appeal reveals that Baker does not present any grounds to establish why his claim does not raise a question of the legality of his sentence or to establish that his claim is not otherwise cognizable under the PCRA.[6]  As a result, based on the argument presented, we conclude that the PCRA court did not err in treating Baker's habeas petition as a PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2015

---

[6]  We note that in Baker's amended habeas petition dated December 27, 2013, he raised additional claims in support of treating his petition under habeas corpus principles rather than the PCRA.  He failed to present any argument in his appellate brief relative to those claims, however, and has therefore abandoned those claims on appeal.  **See Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) (quoting **Commonwealth v. Gonzalez**, 608 A.2d 528, 531 (Pa. Super. 1992)) ("'The failure to develop an adequate argument in an appellate brief may [] result in waiver of the claim' under Pa.R.A.P. 2119.").