J-A05006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONIQUE ROBINSON, | : | |
| | : | |
| Appellant | : | No. 642 EDA 2017 |

Appeal from the PCRA Order January 9, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0000157-2012

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:            **FILED JUNE 28, 2018**

Appellant, Monique Robinson, appeals from the Order entered in the Chester County Court of Common Pleas dismissing her first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the underlying facts and we need not repeat them in detail. *See* PCRA Court Opinion, filed 6/27/17, at 1-3. Briefly, on April 4, 2013, a jury convicted Appellant of, *inter alia*, Second-Degree Murder[1] in connection with the September 14, 2011 shooting of Selvin Lopez in Phoenixville during a robbery. Appellant was 18 years, 3 months' old when the crime was committed. On July 11, 2013, the trial court sentenced

_____

[1] 18 Pa.C.S. § 2502(b).

_____

Appellant to the mandatory term of life imprisonment without parole. 18 Pa.C.S. § 1102(b).

Appellant filed a timely direct appeal, and this Court affirmed Appellant's Judgment of Sentence. *Commonwealth v. Robinson*, No. 2174 EDA 2013 (Pa. Super. filed March 6, 2014) (unpublished memorandum). On July 15, 2014, our Supreme Court denied allowance of appeal. *Commonwealth v. Robinson*, No. 170 MAL 2014 (Pa. filed July 15, 2014).

On April 20, 2015, Appellant filed a counseled PCRA Petition, her first, which Appellant's counsel amended twice. Appellant claimed, *inter alia*, that (1) her trial counsel was ineffective for (a) failing to object to prosecutorial misconduct, (b) failing to impeach Commonwealth witnesses—Appellant's accomplices—adequately about their plea agreements, and (c) failing to call available character witnesses; and (2) her sentence was illegal pursuant to the reasoning in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).[2]

The PCRA court conducted an evidentiary hearing on May 6, 2016, at which Appellant's trial counsel, Appellant's sister, and Appellant's two

---

[2] In *Miller*, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile. The United States Supreme Court held in *Montgomery* that its decision in *Miller* applies retroactively.

character witnesses testified. The Commonwealth called two rebuttal witnesses, Chester County Detective Harold Dutter and Phoenixville Police Officer Brad Droby.

On January 10, 2017, the PCRA court dismissed Appellant's PCRA Petition.

Appellant filed a timely Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did trial counsel provide ineffective assistance of counsel where he [(a)] failed to challenge prosecutorial misconduct, [(b)] failed to properly impeach the Commonwealth's accomplice witnesses for bias[,] and [(c)] failed to present character witnesses?

* * *

2. Was the Appellant's sentence illegal as it violated the principles expressed by the United States Supreme Court regarding sentencing of a youth to life in prison without possibility of parole, thereby denying this Appellant her federal and state constitutional rights to due process of law, equal protection of the law and the right to be free from cruel and unusual punishment?

Appellant's Brief at 3-4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513,

- 3 -

515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003).

Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002). "If a petitioner cannot prove that trial counsel was ineffective, then petitioner's derivative claim of appellate counsel ineffectiveness must also fail[.]" *Commonwealth v. Hutchinson*, 25 A.3d 277, 286 (Pa. 2011).

We will address *seriatim* the merits of the three issues on which Appellant bases her ineffective assistance of counsel claims.

## Failure to Object to Prosecutorial Misconduct

Appellant first contends that her trial counsel was ineffective for failing to object to prosecutorial misconduct during the closing argument. Specifically, she asserts that: (1) the prosecutor's claims that certain testimony was "uncontradicted" was an impermissible comment on Appellant's silence since she was the only person who could contradict the evidence and she did not testify; (2) the prosecutor's comment that a certain witness could not look him in the eye was an improper comment on demeanor; and (3) the prosecutor's statements about Appellant's crying only during certain parts of the trial but not others was also an improper comment on Appellant's demeanor. Appellant's Brief at 12-22. Appellant also claimed the prosecutor improperly vouched for the credibility of certain witnesses. *See* Appellant's Brief at 22-38.

"[N]ot every inappropriate remark by a prosecutor constitutes reversible error." *Commonwealth v. Noel*, 53 A.3d 848, 858 (Pa. Super. 2012) (citation omitted). "It is [] well established that a trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." *Commonwealth v. Bryant*, 67 A.3d 716, 728 (Pa. 2013) (quotation marks and citation omitted).

"While it is improper for a prosecutor to offer any personal opinion as to the guilt of the defendant or the credibility of the witnesses, it is entirely proper for the prosecutor to summarize the evidence presented, to offer reasonable deductions and inferences from the evidence, and to argue that the evidence establishes the defendant's guilt[.]" ***Commonwealth v. Burno***, 94 A.3d 956, 974 (Pa. 2014) (citation omitted).

Moreover, "[i]n determining whether the prosecutor engaged in misconduct, we must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing." ***Commonwealth v. Hogentogler***, 53 A.3d 866, 878 (Pa. Super. 2012) (citation omitted); ***see also Commonwealth v. Carson***, 913 A.2d 220, 236 (Pa. 2006) (stating that a prosecutor is entitled to fairly respond to arguments made by defense counsel in closing argument). In fact, "[e]ven an otherwise improper comment may be appropriate if it is in fair response to defense counsel's remarks." ***Burno***, ***supra*** at 974 (citation omitted).

The Honorable James P. MacElree II, sitting as the PCRA court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing the record and relevant case law in addressing this ineffectiveness claim. The record supports the PCRA court's findings and the Order is otherwise free of legal error. We, thus, affirm on the basis of the PCRA court's June 27, 2017 Opinion. ***See*** PCRA Court Opinion, filed 6/27/17, at 3-5 (concluding that (1)

Appellant's claims lacked arguable merit because the prosecutor's comments during closing argument were within the permissible range of zealous advocacy and did not unavoidably prejudice the jury; (2) Appellant's counsel had a reasonable strategic basis for refusing to object to these portions of the prosecutor's closing argument; and (3) the outcome would not have been different had counsel raised these objections in the lower court).

### Failure to Properly Impeach Witnesses

Appellant next claims that her trial counsel was ineffective for failing to cross-examine two witnesses—Appellant's two accomplices who had each entered guilty pleas to Third-Degree Murder to avoid life imprisonment—regarding the details of their plea agreements with the Commonwealth. Appellant's Brief at 22-38.

Where the petitioner alleges counsel failed to cross-examine a witness regarding impeachment evidence that would have been merely cumulative of other evidence or topics explored during counsel's cross-examination, the petitioner is not entitled to relief because she has failed to demonstrate prejudice. ***Commonwealth v. Tharp***, 101 A.3d 736, 760 (Pa. 2014).

After careful review, we conclude that the PCRA court ably addressed this second ineffectiveness claim. Accordingly, we affirm on the basis of the PCRA court's Opinion. ***See*** PCRA Court Opinion, 6/27/17, at 5-6 (concluding that: (1) counsel's cross-examination of these two witnesses was "vigorous and diligent[;]" (2) counsel explored the nature of the plea agreements,

which the witnesses entered in exchange for their cooperation to avoid a life sentence; and (3) counsel had a reasonable strategic basis for the extent of his cross-examination; moreover, any additional questions regarding the plea agreements would have been cumulative, so Appellant is unable to demonstrate prejudice).

### Failure to Present Character Witnesses

Appellant claims that counsel was ineffective for failing to call witnesses to testify about her good character, *i.e.*, that she was peaceful and law abiding. Appellant's Brief at 38-44.

To obtain relief on a claim that counsel was ineffective for failing to call a potential witness, the PCRA petitioner must establish that:

(1)   the witness existed;

(2)   the witness was available to testify for the defense;

(3)   counsel knew of, or should have known of, the existence of the witness;

(4)   the witness was willing to testify for the defense; and

(5)   the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Washington***, 927 A.2d 586, 599 (Pa. 2007).

We affirm on the basis of the PCRA court's Opinion. **See** PCRA Court Opinion, 6/27/17, at 6 (concluding that: (1) Appellant failed to show that counsel was informed of the existence of the witnesses or should otherwise

- 8 -

have known about them; and (2) the absence of their testimony did not prejudice Appellant).[3]

## Legality of Sentence

In her final claim, Appellant, who acknowledges that she was 18 years and 3 months old at the time of the murder and "not technically a juvenile," contends that she is serving an illegal sentence of life imprisonment and entitled to relief in light of **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). Appellant's Brief at 44-49. Appellant contends that "under equal protection, it is arbitrary to deny relief to [Appellant] while granting it to another who was age 17 years and 364 days at the time of the crime." Appellant's Brief at 48. Appellant argues that she "was not capable of conforming her conduct as an adult would and was not an 'adult' across a broad range of developmental and cognitive areas." Appellant's Brief at 45.[4]

---

[3] Moreover, we note that counsel had a reasonable strategic basis for refusing to call these witnesses: had counsel sought to present such good character evidence, the Commonwealth would have been entitled to present, and would have presented, additional damaging evidence that was otherwise inadmissible, including: (1) negative character/reputation evidence from a police officer that Appellant was not law abiding; and (2) evidence of Appellant's prior adjudication for Criminal Trespass.

[4] We note that on April 4, 2018, Appellant filed a Post-Submission Communication pursuant to Pa.R.A.P. 2501(b) to bring to this Court's attention the slip opinion in **Cruz v. United States**, No. 11-CV-787 (JCH), 2018 WL 1541898 (D. Conn. Mar. 29, 2018) (granting *habeas* relief to
*(Footnote Continued Next Page)*

This Court has previously ruled that **Miller** does not apply to individuals who were 18 or older at the time they committed murder. **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013) (holding that petitioners who were eighteen or older at the time they committed murder are not within the ambit of the **Miller** decision), *abrogated in part by* **Montgomery**, **supra**; **see also Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016) (holding that **Miller** did not apply to a 19–year–old appellant convicted of homicide, even though that appellant claimed he was a "technical juvenile" and relied on neuroscientific theories regarding immature brain development to support his claim; acknowledging that **Cintora**'s additional holding, that **Miller** had not been applied retroactively, was "no longer good law" after **Montgomery**).

Appellant was 18 years old, not younger than 18 years old, when she and her accomplices robbed and murdered Selvin Lopez on September 14, 2011. Thus, **Miller** and **Montgomery** are inapplicable to Appellant at this time.[5] Accordingly, we are constrained to find that the PCRA court properly

*(Footnote Continued)* ─────────────────

defendant 18 years and 20 weeks old at the time of crime, concluding that **Miller** applies to 18-year-olds).

[5] This "panel is not empowered to overrule another panel of the Superior Court." **Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013). We note that this Court recently certified **Commonwealth v. Lee**, No. 1891 WDA 2016 for *en banc* review regarding similar issues involving the application of the reasoning in **Miller** and **Montgomery** to young adults.

concluded that Appellant was not entitled to relief. **See** PCRA Court Opinion at 6-7.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

The parties are instructed to attach a copy of the PCRA court's June 27, 2017 Opinion to all future filings.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/18

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

: CHESTER COUNTY, PENNSYLVANIA

v.

: CRIMINAL ACTION

MONIQUE ROBINSON : NO. 157-2012

Nicholas J. Casenta, Jr., Esquire, Chief Deputy District Attorney
Burton A. Rose, Esquire, Attorney for Appellant

## OPINION PURSUANT TO Pa.R.A.P. 1925(a)

Monique Robinson has filed an appeal to the Superior Court of Pennsylvania from our order of January 9, 2017, which dismissed her petition for post-conviction collateral relief. We write now pursuant to the mandate of Pa.R.A.P. 1925(a).

## Factual and Procedural History

At approximately midnight on the morning of September 14, 2011, twenty-one-year-old Selvin Lopez stood talking to his uncle on Prospect Street in Phoenixville, Pennsylvania. Mr. Lopez had worked the late shift at Wendy's Restaurant and was on his way home. He was carrying his backpack, which contained his paycheck, some cash, and his fast-food dinner.

Saleem Williams, Stephan Reidler, and Appellant Monique Robinson were out on a "mission" to rob someone. Appellant was carrying a gun. They noticed Mr. Lopez, approached him, beat him, and robbed him of his backpack. When Mr. Lopez attempted to fight back, Appellant handed Saleem Williams the gun and said "shoot him." Saleem Williams then shot Mr. Lopez. The three robbers fled the scene and returned to a friend's apartment. At the apartment they went through the backpack, retrieved the cash, and ate Mr. Lopez's dinner. Mr. Lopez, left in the street, died from his injuries.

Police subsequently arrested Saleem Williams, Stephan Reidler and Appellant and charged them with Mr. Lopez's murder. Saleem Williams and Stephen Reidler both entered into negotiated guilty pleas to third-degree murder. Appellant herein refused a plea offer and insisted on going to trial against her experienced counsel's advice.

On April 4, 2013, a jury found Appellant guilty of murder of the second degree, aggravated assault, robbery, criminal conspiracy and related offenses. On July 11, 2013, we sentenced her to a mandatory sentence of life in prison. Appellant appealed, and on March 6, 2014, the Superior Court affirmed her judgment of sentence. The Pennsylvania Supreme Court denied her petition for allowance of appeal on July 15, 2014.

On April 20, 2015, Appellant filed a timely petition under the Post Conviction Relief Act. On October 22, 2015, Appellant was granted permission to file an amended Post Conviction Relief Act petition, and on April 28, 2016, she was granted leave to file a second amended Post Conviction Relief Act petition. In her petitions Appellant claimed that her trial counsel was ineffective for failing to effectively challenge several instances of prosecutorial misconduct, for failing to adequately cross-examine two Commonwealth witnesses, and for failing to call character witnesses. Appellant also asserted that we should apply the principles set forth by United States Supreme Court in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), to her case even though she was not a juvenile at the time of the killing.

We held a hearing on Appellant's petition on May 6, 2016, at which time Appellant presented evidence in support of her claims. Defense counsel and the Commonwealth were then

2

allowed time to review the notes of testimony of the PCRA hearing prior to filing their post-hearing briefs. Appellant also filed a response to the Commonwealth's post-hearing brief. After reviewing the file, the record, the testimony offered at the PCRA hearing, and the briefs of counsel, we found no issue that entitled Appellant to post-conviction relief. Accordingly, we dismissed her petition on January 9, 2017. This appeal followed.

## Legal Analysis

In her statement of matters complained of on appeal, Appellant first claims that trial counsel was ineffective when he failed to challenge several instances of misconduct during the prosecutor's closing argument. Specifically, Appellant claims that the prosecutor repeatedly characterized the testimony of the victim's uncle as "uncontradicted," in violation of Appellant's right to remain silent; improperly commented on the demeanor of witness Caitlyn Schierenbeck when she "couldn't look [him] in the eye;" and improperly commented on Appellant's demeanor and her "dry-eyed"[1] appearance during testimony about the murder of Selvin Lopez. See: N.T. 4/4/13, pp. 48, 55, 62-63, 70, 76. Appellant claims that the prosecutor's comments about the demeanor of Ms. Schierenbeck and of Appellant improperly invaded the province of the jury to determine those factors.

Recognizing that a prosecutor is free to present his or her arguments with "logical force and vigor," *Commonwealth v. Hutchinson*, 25 A.3d 277, 306 (Pa. 2011), we reviewed the

---

[1] Appellant previously raised this specific "dry-eyed" claim on direct appeal. Both this Court and the Superior Court found it without merit. See: *Comm. v. Robinson*, No 2174 EDA 2013 (Pa.Super. 3/6/14).

3

prosecutor's entire closing argument with particular emphasis on the challenged comments. We found that the prosecutor, while vigorously arguing his case, nevertheless did so within the law. Even had we not so found, even improper comments by a prosecutor require relief "only where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." *Id.* at 307 (citation omitted).

In addition, Appellant presented her assertions of prosecutorial misconduct in the context of an ineffectiveness claim. Since counsel is presumed effective, to obtain relief Appellant would have had to establish that her counsel's performance was deficient and that this deficiency prejudiced her. *Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa.Super. 2014) (citation omitted). Specifically, as a PCRA petitioner, she would have had to plead and prove "(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999).

First, because we found that the prosecutor's statements were not improper, Appellant could not establish factor (1) of the above-stated test. Second, at the PCRA hearing, trial counsel reasonably explained the strategic decisions that he made during the prosecutor's closing argument, negating factor (2). See: N.T. 5/6/16, pp. 14-16, 19-20, 21-24, 46, 49. Finally, even were we to accept that these claims were of arguable merit, and counsel had no reasonable basis

4

for his action (which we did not), we did not find that there was any reasonable probability that the outcome of this case would have been different had trial counsel objected and pursued these claims. Thus, factor (3) could not have been met, and these claims entitled Appellant to no relief.

Next, Appellant claims that counsel was ineffective when he failed to adequately cross-examine and impeach Commonwealth witnesses Stephen Reidler and Saleem Williams regarding specific details of their plea bargains with the Commonwealth. Appellant also claims that the prosecutor improperly vouched for the credibility of these witnesses during his closing argument to the jury.

We start with the second claim. We previously reviewed the entirely of the prosecutor's closing argument and found no misconduct. The prosecutor presented his arguments with force and vigor, but did so within permissible limits. Thus, there was no prosecutorial misconduct on which to base an ineffectiveness claim and Appellant could not rely on this claim for any relief.

Nor did we find that trial counsel was ineffective in his cross-examination of witnesses Reidler and Williams. Our review of the notes of testimony of Appellant's trial revealed that trial counsel's cross-examination of these witnesses was vigorous and diligent. Counsel also explored with the witnesses the fact that they were allowed to plead guilty to third degree murder in return for their cooperation. See: N.T. 4/2/13, pp. 117-189, 195-97; 250-284. Trial counsel's testimony at the PCRA hearing revealed the reasonable and strategic decisions he made concerning the extent to which he cross-examined these witnesses. N.T. 5/6/16, pp. 24-35, 49-

5

62. Counsel was not ineffective in his cross-examination of these witnesses, and Appellant was entitled to no relief on this claim.

Appellant also claims that her counsel was ineffective for failing to present character witnesses to testify regarding her good reputation as a peaceful and law abiding citizen.

At Appellant's PCRA hearing potential character witnesses Kenneth Wilson and Karen Murphy testified. After hearing their testimony, and trial counsel's testimony regarding this issue, we found that counsel had not been ineffective when he failed to call any character witnesses on Appellant's behalf.

To establish ineffectiveness for failure to call a witness, an appellant must establish that:

> (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or should otherwise have known of him/her; (4) the witness was prepared to cooperate and testify for appellant at trial; and, (5) the absence of the testimony prejudiced appellant so as to deny him [or her] a fair trial.

*Commonwealth v. Gonzalez,* 608 A.2d 528, 532 (Pa.Super. 1992). Our rereading of the notes of testimony of Appellant's PCRA hearing confirms our finding that Appellant was unable to establish these elements, specifically elements three and five, and that she was entitled to no relief on these claims. See: N.T. 5/6/16, pp. 35-41, 122, 126.

In her final claim, Appellant asserts that her sentence of life in prison without parole was illegal, as applied to her, and should be reassessed in light of the United States Supreme Court decisions in *Miller v. Alabama,* 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana,* 136 S.Ct. 718 (2016).

6

In *Miller*, the Supreme Court held that mandatory life sentences without parole for those defendants under the age of eighteen at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishments. *Miller*, at 2460. In *Montgomery*, the Supreme Court ruled that *Miller* was entitled to retroactive application to cases on collateral review. However, Appellant herein was eighteen years and three months old at the time of her crime, the holding in *Miller* simply has no application to her case, and she cannot rely on *Miller* for any post-conviction relief.

For the reasons stated above we dismissed Appellant's petition under the Post Conviction Relief Act.

BY THE COURT:

_____
JAMES P. MacELREE II                                    J.

DATE: 6/27/2017

Certified From The Record
This ____ Day of ____ 20__
_____
Deputy Clerk of Common Pleas Court

7