587 A.2d 786

**COMMONWEALTH of Pennsylvania**

v.

**Roberto Ramos GONZALEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed March 14, 1991.

G. Roderick Snyder, Reading, for appellant.

George C. Yatron, Dist. Atty., Reading, for Com.

Before OLSZEWSKI, KELLY and BROSKY, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether counsel may be permitted to withdraw based upon an *Anders*[1] brief as well as upon appellant's desire to proceed without counsel. For the reasons which follow, we remand to the trial court for a hearing consistent with this opinion.

The facts and procedural history may be summarized as follows. On July 31, 1987, appellant, Roberto Ramos Gonzalez, was arrested and charged with drug violations. On September 23, 1988, a jury found him guilty of possession of cocaine, possession with intent to deliver cocaine, criminal conspiracy—to possess and criminal conspiracy—intent to deliver.[2]

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. 35 P.S. § 780–113(a)(16); 35 P.S. § 780–113(a)(30); 18 Pa.C.S.A. § 903(a)(1); and 18 Pa.C.S.A. § 903(a)(2), respectively.

On October 11, 1988, appellant filed a *pro se* challenge alleging that the evidence was insufficient to establish that he was in possession of the drugs. On October 24, 1988, appellant was sentenced to two concurrent terms of imprisonment of fifteen months to forty-eight months. No direct appeal was taken.

On January 23, 1989, appellant filed a *pro se* PCRA petition. Counsel was appointed on February 1, 1989, and filed an amended PCRA petition on August 28, 1989. On October 17, 1989, a hearing was held; appellant and trial counsel testified. On March 27, 1990, the trial court entered an order denying appellant's PCRA petition. This appeal was filed on April 23, 1990.

On August 3, 1990, counsel filed with this Court an *Anders*[3] brief. Before this Court could dispose of this brief, however, on October 23, 1990, appellant's counsel filed a petition to withdraw as counsel with this Court requesting a remand to the trial court to permit him to withdraw as counsel. The basis for counsel's petition for permission to withdraw was appellant's desire to proceed

---

**3.** We note that the *Anders* brief submitted to this Court was technically deficient. In counsel's brief, he states that he "feels that the law is heavily against these issues raised on appeal." Appellant's Brief at 5. In *Commonwealth v. Wilson*, 396 Pa.Super. 296, 298–99, 578 A.2d 523, 524–25 (1990), this Court stated that:

> [u]nder *Anders* and its Pennsylvania progeny, in order to withdraw, counsel must (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

Instantly, counsel failed to meet the first and third requirements. However, as our disposition is controlled by the petition to withdraw based on appellant's desire to proceed without present counsel, the degree to which the *Anders* brief was technically deficient is irrelevant in our consideration.

We note additionally that the requirements for counsel who wishes to withdraw from representation during post-conviction proceedings are found within *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*).

without him as indicated by appellant's motion, dated September 27, 1990, to the trial court in which appellant advised both counsel and the Berks County Court that he no longer wished counsel to proceed further in this matter, and requested the trial court to grant counsel leave to withdraw as counsel of record. Counsel attached a copy of appellant's motion to his petition to withdraw. Counsel, in his petition to withdraw, also represented that appellant had filed a *pro se* petition for notes of testimony and other pertinent documents as a showing that appellant no longer desired his representation.

Our research has not disclosed any case in which counsel has sought to withdraw based upon both an *Anders* brief and upon appellant's desire to proceed without counsel. We turn to *Commonwealth v. Ellis*, 398 Pa.Super. 538, 581 A.2d 595 (1990) *(en banc)*, wherein this Court considered its position on hybrid appeals. The issue as stated in *Commonwealth v. Ellis, supra,* was "whether and under what circumstances this Court will consider *pro se* briefs in criminal cases where appellant is represented by counsel on appeal." 581 A.2d at 597. There this Court held that:

[i]f the *pro se* brief alleges ineffectiveness of appellate counsel or an affirmative desire to be heard *pro se,* we direct counsel to petition this court to remand the case to the trial court so that it may conduct a full hearing in order to determine appellant's knowing and intelligent waiver of his right to appellate counsel, and of his desire to proceed *pro se,* or in the case of ineffectiveness, an appointment of new appellate counsel.

581 A.2d at 600–601. Consistent with this holding, this Court in *Commonwealth v. Legnine*, Pa.Super., 582 A.2d 1127 (1990) *(en banc)*, when presented with a counselled brief as well as a *pro se* brief, remanded the case to the trial court for a hearing to determine whether appellant desired to proceed *pro se* or with presently appointed counsel.

Instantly, we have before us appellant's counsel's petition to withdraw which indicates that appellant may no longer

desire his representation. We find the instant case to be sufficiently analogous to *Commonwealth v. Legnine, supra.* Hence, as in *Commonwealth v. Legnine, supra,* where the counselled brief was not considered, we will not consider counsel's brief instantly, but remand this case to the trial court for a hearing to determine whether appellant desires to proceed *pro se,* by privately retained counsel, or not at all. *Cf. Commonwealth v. Turner,* 518 Pa. 491, 495, 544 A.2d 927, 979 (1988).

As the right to counsel has been held to attach to the first PCRA petition, *see* Pa.R.Crim.P. 1504(a), and remains in effect throughout post-conviction proceedings, including any appeal, *see* Pa.R.Crim.P. 1504(d), a defendant seeking to waive his right to counsel must do so in a knowing, intelligent and voluntary manner. *See* Pa.R.Crim.P. 1504 comment; Pa.R.Crim.P. 318(b)(2); *Commonwealth v. Sangricco,* 490 Pa. 126, 132 n. 1, 415 A.2d 65, 68 n. 1 (1980); *Commonwealth v. Thier,* 354 Pa.Super. 7, 10, 510 A.2d 1251, 1252 (1986). Thus, on remand, if appellant wishes to proceed *pro se,* the trial court must determine if appellant has so waived his right to counsel. We note moreover that the trial court is vested with sound discretion to determine if appellant's desire to end present counsel's representation is merely a ploy to extend the proceedings, an attempt to circumvent counsel's assessment of frivolity of the instant appeal or a genuine desire to proceed *pro se,* with new counsel or not at all. *See Commonwealth v. Basemore,* 525 Pa. 512, 522, 582 A.2d 861, 865 (1990) (decision to grant request for change of counsel within sound discretion of trial court and shall not be granted except for substantial reasons); Pa.R.Crim.P. 316(c).

If upon remand the trial court finds that appellant wishes to proceed with this appeal, counsel's petition to withdraw should be granted and appellant shall be directed to file an appellate brief with this Court within thirty days of the trial court finding. If appellant fails to file a brief within thirty days, as directed, we will consider appellant's failure to be an election of the third alternative identified in *Common-*

*wealth v. Turner, supra,* and appellant's appeal will be dismissed with prejudice. *See Commonwealth v. Patterson,* 389 Pa.Super. 450, 567 A.2d 690 (1989).

Remanded. Jurisdiction retained.