608 A.2d 528

**COMMONWEALTH of Pennsylvania**

**v.**

**Roberto Ramos GONZALEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 1991.

Filed May 8, 1992.

68

Allan L. Sodomsky, Reading, for appellant.

George C. Yatron, Dist. Atty., Reading, for Com., appellee.

Before DEL SOLE, POPOVICH and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Berks County, denying appellant's petition for relief under the Post Conviction Relief Act (PCRA).[1] We affirm.

On September 23, 1988, appellant was convicted, after a jury trial, of possession of cocaine,[2] possession with intent to deliver cocaine,[3] and two counts of criminal conspiracy.[4] Appellant was sentenced to two concurrent terms of imprisonment of fifteen to forty-eight months. He did not file a direct appeal of the judgment of sentence.

On January 23, 1989, appellant filed a *pro se* PCRA petition. Later, counsel (G. Roderick Snyder) was appointed to represent appellant, and he filed amendments to appellant's post-conviction petition. The lower court conducted a hearing on the petition on October 17, 1989 and on March 27, 1990, the petition for relief was denied. Appellant filed a timely appeal of the order denying his PCRA petition.

1. 42 Pa.C.S.A. §§ 9541–9546.
2. 35 P.S. § 780–113(a)(16).
3. *Id.* § 780–113(a)(30).
4. 18 Pa.C.S.A. § 903(a).

After the appeal was filed, counsel filed an *Anders* brief and a motion to withdraw as counsel. In his petition to withdraw, counsel noted that appellant might no longer desire his services.[5] This court remanded the case on March 14, 1991, for a hearing to determine whether appellant desired to proceed *pro se*, by privately retained counsel, or not at all. *Commonwealth v. Gonzalez*, 402 Pa.Super. 610, 614, 587 A.2d 786, 788 (1991). The remand noted that if the lower court determined that appellant wished to proceed *pro se*, then the court would also have to consider whether appellant had waived his right to counsel knowingly, intelligently, and voluntarily. *Id.* We also indicated that the lower court, on remand, had "the discretion to determine if appellant's desire to end present counsel's representation is merely a ploy to extend the proceedings, an attempt to circumvent counsel's assessment of frivolity of the instant appeal or a genuine desire to proceed pro se, with new counsel or not at all." *Id.* The panel of this court retained jurisdiction of the appeal. *Id.*, 402 Pa.Superior Ct. at 615, 587 A.2d at 788.

On remand, the lower court scheduled a hearing for May 17, 1991. The docket entries indicate that post-sentence argument occurred on that date; however, the certified record on appeal does not contain a transcript of the May 17, 1991 hearing.[6] On May 17, 1991, the lower court issued three separate orders. In the first order, the lower court stated that appellant desired to proceed with his appeal, that he could not afford private counsel, and that he did not wish to proceed *pro se*. The court noted that since the PCRA petition which appellant has filed is his first post-conviction petition, he is entitled to counsel. In the second

---

5. On September 27, 1990, appellant notified the court that he did not wish to proceed further with his case. Simultaneously, he requested that the lower court grant counsel's petition to withdraw.

6. On appeal, an appellate court may consider only the record certified to it. *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974). It is appellant's responsibility to provide the reviewing court with a complete and comprehensive record for purposes of appeal. *Commonwealth v. Feflie*, 398 Pa.Super. 622, 581 A.2d 636 (1990), *allocatur denied*, 528 Pa. 621, 597 A.2d 1151 (1991).

order of May 17, 1991, the lower court ordered that conflict counsel, Allan Sodomsky, Esquire, be appointed to "take any necessary steps with respect to the appeal." The third order of May 17, 1991 permitted appellant's prior counsel, G. Roderick Snyder, to withdraw. The lower court also noted in the third order that although some of appellant's motives with regard to his request for new counsel may have been inappropriate, there were sufficient grounds of an appropriate nature to permit counsel to withdraw.

Since the prior panel had retained jurisdiction, the case was returned to the Superior Court on August 21, 1991. Subsequently, counsel for appellant, Allan Sodomsky, Esquire, filed a brief on appellant's behalf. Appellant also filed a supplemental *pro se* brief. A brief on behalf of appellee, the Commonwealth, was also filed.

As we indicated in *Commonwealth v. Ellis*, 398 Pa.Super. 538, 581 A.2d 595 (1990) (*en banc*), *appeal granted* 528 Pa. 636, 598 A.2d 992 (1991), we will not consider a *pro se* brief on appeal if a counseled brief "has been filed, either before, simultaneously with, or after the *pro se*, due to the judicial confusion and delay that ensues." *Id.* 398 Pa.Super. at 550, 581 A.2d at 600. It is only if the *pro se* brief alleges ineffectiveness of appellate counsel "or an affirmative desire to be heard *pro se*," that any action need be taken by the appellate court on the *pro se* brief. *Id.*, 398 Pa.Superior Ct. at 550, 581 A.2d at 600–01.[7] In the instant case, the supplemental *pro se* brief filed by appellant does not contain any of the latter type allegations. Therefore, we will confine our review to the issues raised in appellant's counseled brief.[8] Those issues are as follows:

7. In such a situation, counsel should petition the superior court for a remand, citing his client's allegations of ineffectiveness. *Commonwealth v. Lawrence*, 408 Pa.Super. 9, 596 A.2d 165 (1991). This court will then review the record and decide if a remand is in fact required. *Id.*, 408 Pa.Superior Ct. at 14, 596 A.2d at 168.

8. We also note our bewilderment at appellant's actions in filing a *pro se* supplemental brief in light of the fact that on remand, appellant indicated that he did not wish to proceed *pro se*, but with appointed counsel.

1. Whether the trial court erred in not sustaining appellant's contention that his prior counsel was ineffective for failing to file a motion to suppress the evidence?

2. Whether the trial court erred in not sustaining appellant's contention that his prior counsel was ineffective for failing to call a potential witness?

3. Whether the trial court erred in using inappropriate sentencing guidelines in sentencing appellant?

4. Whether the trial court erred in not sustaining appellant's contention that prior counsel was ineffective in failing to file an appeal?

 Since three of appellant's allegations on appeal raise the issue of the ineffectiveness of trial counsel, we will first set forth our standard of review in regard to such a claim.

As a general principle, trial counsel is presumed to be effective and a defendant has the burden of proving otherwise. *See Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985). Moreover, to prevail on a claim of ineffectiveness, a defendant must demonstrate that the course followed by trial counsel was unreasonable, that another meritorious course was available and that defendant was prejudiced by counsel's ineffectiveness. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) and *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

*Commonwealth v. Williams,* 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). Appellant's first contention is that the trial court erred in not sustaining his contention that prior counsel was ineffective for failing to file a motion to suppress certain evidence seized in connection with the charges filed against appellant. In reviewing this claim, we are confronted with a number of difficulties. Appellant's entire argument on this subject consists of a single paragraph which contains no record citation, although the record is referred to, and no citation to authority. Appellant merely contends, in unsupported fashion, that by failing to file a pre-trial motion to suppress based on his belief that there would be no basis

for such a motion, trial counsel "usurped" the function of the trial judge to make that determination. This, appellant argues, denied him the opportunity to have a hearing on the merits of the suppression issue, and effectively denied him his "rights under the law."

It is well established that in making a claim of ineffective assistance of counsel, the petitioner must allege sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective, because ineffectiveness claims will not be considered in a vacuum. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989); *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). The failure to develop an adequate argument in an appellate brief may also result in waiver of the claim under Rule 2119 of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P., Rule 2119, 42 Pa.C.S.A.; *Commonwealth v. Long*, 367 Pa.Super. 190, 532 A.2d 853 (1987), *allocatur denied*, 518 Pa. 617, 541 A.2d 744 (1988). *See also Taurino v. Ellen*, 397 Pa.Super. 50, 579 A.2d 925 (1990), *allocatur denied*, 527 Pa. 603, 589 A.2d 693 (1991) (claim on appeal is waived where appellant neither cites supportive precedent nor gives any reference to record evidence which substantiates argument).

In *Commonwealth v. Long, supra,* in which this court was confronted with a similar situation, we held:

The final claim made by Appellant is a bald allegation of ineffective assistance of counsel. Issue number nine states: "Did the defendant fail to have effective assistance of counsel at his trial?". In the Summary of Argument and Argument portion of Appellant's Brief, Appellant attempts to list numerous examples of trial counsel's ineffectiveness. Without citation to the record or supporting case law, Appellant asserts that his counsel was ineffective for failing to submit or argue a suppression or pretrial omnibus motion, failing to object to the introduction of documents at trial, failing to impeach witnesses, failing to seek the recusal of the trial judge, failing to call all possible defense witnesses and failing to

move for the dismissal of all indictments. Appellant also submits that his attorney was unprepared to argue Appellant's case on the day of scheduled argument for Post Trial Motions. As with the other allegations of ineffectiveness, Appellant does not offer any support for his position. He does not indicate what arguments should have been made, or the merits of the matters he wished to present to the trial court. Since Appellant has failed to properly develop these issues, we will not consider the merits thereof. *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149 (1982); Pa.R.A.P., Rule 2119(a).

*Commonwealth v. Long*, 367 Pa.Super. at 198, 532 A.2d at 857. Appellant's "bare-bones" argument in the instant case is similarly unreviewable. He asserts only one isolated fact in support of his claim of ineffectiveness: that trial counsel testified at the PCHA hearing that he did not believe, after reviewing the search warrant, that there "was any merit to a pretrial motion." Appellant does not explain why this was an erroneous conclusion on the part of counsel. He does not discuss the facts of the case and set forth a legal argument which would support the conclusion that the search and seizure was improper. In addition, appellant has failed to provide us with a complete record of the proceedings in the lower court; therefore, we are precluded from reviewing the record of the trial and pretrial proceedings to which appellant refers.[9] By these omissions, appellant has failed to develop the issue, as required under Rule 2119 and related cases. Moreover, his failure to properly develop the issue has resulted in a failure to set forth an underlying claim of arguable merit, the first requirement of a successful allegation of ineffectiveness of counsel. Accordingly, we can grant appellant no relief on this issue.

 Appellant's next contention is that trial counsel was ineffective for failing to call Nancy Ehrgood as a witness on

9. As we previously indicated, it is the responsibility of appellant to provide the reviewing court with a complete and comprehensive record for purposes of appeal. *Commonwealth v. Feflie*, 398 Pa.Super. 622, 581 A.2d 636 (1990), *allocatur denied*, 528 Pa. 621, 597 A.2d 1151 (1991).

74

his behalf at trial. Appellant asserts that although Ms. Ehrgood was called as a witness by the Commonwealth, trial counsel was limited on cross-examination of her to those matters which had been addressed by the Commonwealth on direct. Appellant contends that if Ms. Ehrgood had been called on his behalf, she could have testified that the heroin which was seized at 815 Chestnut Street was not appellant's. Appellant also contends that "the affect [sic] that she may have had on the jury if called by the defense counsel may have been helpful to the Appellant's said defense."

It is easy to see that appellant's latter contention, concerning the effect Ms. Ehrgood may have had on the jury if called as a witness by defense counsel, is meritless because it fails to state any specific facts and is merely a bald allegation of ineffectiveness. As to the remaining portion of this claim, to succeed on a claim of ineffectiveness for failure to call a witness, it must be shown that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or should otherwise have known of him/her; (4) the witness was prepared to cooperate and testify for appellant at trial; and (5) the absence of the testimony prejudiced appellant so as to deny him a fair trial. *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987). As a matter of trial strategy, counsel may choose not to call a witness. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

In the instant case, appellant has established that the witness existed, and that she was available (she had already testified at trial for the Commonwealth). Trial counsel would also have been aware of Ms. Ehrgood's existence, since she was a witness for the Commonwealth at trial. Appellant has not established or offered to prove that Ms. Ehrgood was prepared to cooperate and testify for him at trial. Since appellant has not provided us with a transcript of the trial as part of the certified record,[10] we are

10. Apparently such transcript does not exist.

unable to examine Ms. Ehrgood's testimony. Nor has he set forth sufficient facts which, if proved, would demonstrate that the absence of her testimony prejudiced appellant so as to deny him a fair trial. Appellant has asserted that Ms. Ehrgood would have testified that the heroin which was found in the search of the residence was not appellant's. Assuming *arguendo* that Ms. Ehrgood was prepared to so testify, the absence of such testimony nevertheless did not prejudice appellant because his convictions were based only upon the jury's finding that he was in possession of *cocaine.* We do not have the complete record; however, our review of the record in our possession indicates that no heroin was seized in connection with the crimes of which appellant was convicted. Therefore, any testimony by Ms. Ehrgood to the effect that appellant was not the owner of *heroin* would not have assisted his defense. In addition, the notes of the PCRA hearing establish that appellant's defense at trial was that he did not reside in the apartment where the seized contraband was found. In light of such defense, Ms. Ehrgood's purported testimony as to the ownership of the seized contraband would have been cumulative at best. For these reasons, appellant has failed to establish an arguable claim that prior counsel was ineffective for failing to call Ms. Ehrgood as a witness at trial.

Appellant's next claim of ineffectiveness is that prior counsel was ineffective for failing to file a direct appeal of the judgment of sentence. It is the duty of counsel to perfect an appeal once requested to do so, even if counsel believes that the appeal would be meritless. *Commonwealth v. Cooley,* 298 Pa.Super. 163, 444 A.2d 711 (1982). However, counsel will not be held ineffective for failure to file an appeal when his client has not asked him to do so. *Commonwealth v. Dockins,* 324 Pa.Super. 305, 471 A.2d 851 (1984). In the instant case, trial counsel testified at the PCRA hearing that appellant did not ask him to file an appeal. Instead, appellant filed *pro se* appeals, past the deadline for filing, of which counsel received copies. Under

76

these circumstances, we cannot say that counsel was ineffective.

 Next, appellant contends that the trial court used inappropriate sentencing guidelines in fashioning his sentence. He argues that the guidelines in effect for a crime committed July 31, 1987, mandated a sentence of twelve months probation, and that he was erroneously sentenced to fifteen months to four years. Appellant also asserts that the lower court imposed sentence without proper consideration of appellant's character or mitigating factors.

 Appellant's sentencing claims do not raise an issue for which relief is available under the PCRA. Under that Act, post-conviction relief may be provided where "the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of Pennsylvania or laws of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty.

(iv) The improper obstruction by Commonwealth officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) A violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of Federal habeas corpus relief to a State prisoner.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that

would have affected the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction."

42 Pa.C.S.A. § 9543(a)(2). Appellant's allegations concerning the length of his minimum sentence and the trial court's consideration of various allegedly mitigating factors do not fall within any of the cognizable bases for relief under the PCRA.[11] Therefore, appellant is entitled to no relief on this claim.[12]

Order affirmed.

**11.** Appellant has not contended, as he could not, that his sentence is in excess of the statutory maximum. *See* 35 P.S. § 780–113(f)(1.1) (penalties for possession with intent to deliver cocaine and other substances).

**12.** Even if this claim were cognizable under the PCRA, appellant would not be entitled to relief. His argument raises issues concerning the discretionary aspects of sentence, and he has failed to include in his appellate brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A. The Commonwealth has objected to this defect, and we would therefore not be entitled to ignore it. *Commonwealth v. Gambal,* 522 Pa. 280, 561 A.2d 710 (1989); *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987) (*en banc*). Appellant would thus have waived this aspect of his appeal.