J-S66024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
                                     :
          v.                       :
                                     :
                                     :
KEVIN NEDBY                      :
                                     :
             Appellant          :     No. 3442 EDA 2017

Appeal from the PCRA Order September 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000063-2007

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.              **FILED MARCH 20, 2019**

Appellant, Kevin Nedby, appeals from the order dismissing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Appellant chiefly claims ineffectiveness of counsel.  We affirm.

The underlying facts are not in substantial dispute.[1]  Briefly summarized, Appellant was a drug dealer.  John Pellegrino, an addict, was both a sometime customer and a seller for Appellant.[2]  Pellegrino had recently visited Appellant's home to look at a motorcycle that was for sale.  **See** Appellant's Brief, at 5.

---

[1] **See e.g.**, N.T. Trial, 7/22/09, at 126.

[2] Pellegrino's first name is also occasionally given as "Joe" in the record before us.

Shortly afterward, Appellant's home was burglarized. The burglars took a substantial amount of cash, drugs including Xanax and OxyContin, and the keys to the motorcycle.[3] Appellant suspected Pellegrino and a friend had committed the crime. Acting on this suspicion, Appellant and a cohort, Ronald Nichols, took Pellegrino to a secluded location on the Delaware River waterfront in the Tacony neighborhood of Philadelphia in the middle of the night. There, Nichols first pistol-whipped, and then fatally shot Pellegrino three times.

After their arrest, both Nichols and Appellant gave statements to the police. Appellant confessed that he had conspired with Nichols, but maintained that he had only expected Nichols to threaten Pellegrino with the gun, not to kill him.

Appellant and Nichols were set to be tried together in a capital murder case. However, on July 21, 2008, Nichols separately entered a guilty plea to murder of the first degree and conspiracy. After a colloquy, the Honorable Shelley Robins New accepted the plea and sentenced Nichols to life without parole for the murder and a concurrent sentence of twenty to forty years of imprisonment for conspiracy.

_____

[3] Appellant's estimates of the cash stolen ranged from $5,400 to $80,000. *See* PCRA Court Opinion, 4/20/18, at 3; *see also* Appellant's Brief, at 6; N.T. Trial, 7/21/09, at 49.

- 2 -

Appellant and his defense counsel had planned to ask for a jury trial. However, the Commonwealth offered to withdraw the capital charge in return for Appellant's waiver of a jury trial. Appellant followed counsel's recommendation and accepted the offer.

Judge New presided over Appellant's 2009 bench trial. She found Appellant guilty of murder of the third degree, 18 Pa.C.S.A. § 2502(c);[4] carrying a firearm without a license, 18 Pa.C.S.A. § 6106; and criminal conspiracy, 18 Pa.C.S.A. § 903. On September 11, 2009, the trial court sentenced Appellant to an aggregate term of not less than twenty-two nor more than forty-four years of imprisonment in a state correctional institution. No post sentence motions nor direct appeal was filed.

After Appellant's direct appeal rights were reinstated *nunc pro tunc*, this Court affirmed his judgment of sentence, on January 18, 2012. ***See***

---

[4] Our Crimes Code classifies murder as follows:

> **(a) Murder of the first degree.**—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.
> **(b) Murder of the second degree.**—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.
> **(c) Murder of the third degree.**—All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

18 Pa.C.S.A. § 2502.

***Commonwealth v. Nedby***, No. 1737 EDA 2010 (Pa. Super. filed January 18, 2012) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal. ***See*** PCRA Court Opinion, at 2.

On May 14, 2012, Appellant timely filed a *pro se* PCRA petition. Counsel entered an appearance and filed an amended petition on November 7, 2015.[5]

On July 14, 2017, the PCRA court advised Appellant that the issues raised in his PCRA petition were without merit, and that it intended to dismiss it pursuant to Pennsylvania Rule of Criminal Procedure 907(1). The court subsequently dismissed the petition. This timely appeal followed. Both Appellant and the PCRA court complied with Rule 1925. ***See*** Pa.R.A.P. 1925.

Appellant presents four questions on appeal:

> I. Did the PCRA [c]ourt violate Appellant's constitutional rights to a fair trial and due process of law and abused its' [sic] discretion when it did not recuse itself from deciding the PCRA petition?
>
> II. Did the PCRA [c]ourt err and violate Appellant's constitutional rights under the Sixth Amendment when it found that trial counsel was not ineffective for failing to move to have the trial judge recuse herself?
>
> III. Did the PCRA [c]ourt err and violate Appellant's constitutional rights under the Sixth Amendment when it found that trial counsel was not ineffective for being unprepared during sentencing?
>
> IV. Did the PCRA [c]ourt err and violate Appellant's constitutional rights under the Sixth Amendment when it found

---

[5] The gaps in the time sequence appear caused at least in part by several changes of counsel, numerous amendments of the PCRA petition, and attendant requests for continuances.

- 4 -

that trial counsel, who remained counsel on direct appeal, was not ineffective for waiving a claim that the guilty verdict as to third degree murder and conspiracy to commit murder/assault was against the weight of the evidence by failing to argue it on appeal?

Appellant's Brief, at 3-4.

Our standard of review is well-settled.

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Sepulveda*, 618 Pa. 262, 55 A.3d 1108, 1117 (2012) (citing *Commonwealth v. Rainey*, 593 Pa. 67, 928 A.2d 215, 223 (2007)). The PCRA provides that to be entitled to relief, a petitioner must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in Section 9543(a)(2), and his claims have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(2).

\* \* \*

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Sepulveda*, 55 A.3d at 1117. [Our Supreme] Court has described the *Strickland* standard as tripartite by dividing the performance element into two distinct components. *Commonwealth v. Busanet*, 618 Pa. 1, 54 A.3d 35, 45 (2012); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. *Sepulveda*, 55 A.3d at 1117 (citing *Pierce*, 527 A.2d at 975). Counsel is presumed to have rendered effective assistance. *Sepulveda*, 55 A.3d at 1117.

A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first. *Id.* at 1117–

18; ***Commonwealth v. Albrecht****,* 554 Pa. 31, 720 A.2d 693, 701 (1998). Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Jones****,* 590 Pa. 202, 912 A.2d 268, 278 (2006).

***Commonwealth v. Tharp***, 101 A.3d 736, 746–47 (Pa. 2014) (footnote omitted).

> [W]e continue to adhere to the principle that the trial court is in the best position to review claims related to trial counsel's error in the first instance as that is the court that observed firsthand counsel's allegedly deficient performance[.] Accordingly, where, as here, the same judge presided at the trial and the PCRA proceedings, we give great deference to the PCRA court's findings.

***Commonwealth v. Solano***, 129 A.3d 1156, 1194 (Pa. 2015) (citations and internal quotation marks omitted).

Preliminarily, in this appeal, we note that Appellant has failed to comply with Pennsylvania Rule of Appellate Procedure 2119(a):

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part−in distinctive type or in type distinctively displayed−the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

Instead, Appellant combines the argument for his first and second claims. Appellant's brief not only joins two distinguishable arguments, it intersperses additional argument for unrelated issues as well. ***See*** Appellant's

Brief, at 13-22.[6]  Notably, Appellant simultaneously adds claims that he was pressured into waiving a jury trial, a separate issue, and that the trial court impermissibly reviewed Nichol's inculpatory statement.  *See id.* at 13, 15, 19.

> "The failure to develop an adequate argument in an appellate brief may [ ] result in waiver of the claim" under Pa.R.A.P. 2119. *Commonwealth v. Gonzalez*, 415 Pa. Super. 65, 608 A.2d 528, 531 (1992).  We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem issue to be waived.  *See Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007).

*Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018), *appeal denied*, 199 A.3d 340 (Pa. 2018).

Furthermore, Appellant fails to identify where the claim of recusal was raised with the PCRA court.  *See* Pa.R.A.P. 2117(c) (**Statement of place of raising or preservation of issues.**); *see also* Pa.R.A.P. 2119(c) (**Reference to record**).  This is perhaps unsurprising, as Appellant faults defense counsel for not raising the issue.  *See* Appellant's Brief, at 16.  Because Appellant failed to raise the issue of the PCRA court's recusal with the PCRA court, that issue is waived.  *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant fails to develop any argument that would establish the Judge had a duty to recuse herself *sua sponte*.  Nor does Appellant develop an

---

[6] Counsel for Appellant claims the two issues are "directly related, interrelated and co-dependent[.]"  Appellant's Brief, at 13 n.6.  The argument is unsupported and unpersuasive.

argument of counsel ineffectiveness according to the three-pronged *Pierce*

test. Accordingly, Appellant's first and second arguments are both waived.

Moreover, even if properly and timely raised, neither issue would merit relief.

Our standard of review for a denial of recusal is well-settled.

> [Our Supreme] Court presumes judges of this Commonwealth are "honorable, fair and competent," and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. *Commonwealth v. White*, 557 Pa. 408, 734 A.2d 374, 384 (1999). The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the "decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion." **[Commonwealth v.] Darush**, [501 Pa. 15, 459 A.2d 727,] 731 [ (1983) ].

*Commonwealth v. Druce*, 577 Pa. 581, 848 A.2d 104, 108 (2004).

> As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion.

*Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79, 89 (1998) (citations omitted).

"[A] trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can be reasonably

questioned." ***Commonwealth v. Goodman***, 454 Pa. 358, 311 A.2d 652, 654 (1973). It is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his assessment is personal, unreviewable, and final. [ ] ***Druce***, [***supra*** at] 108 [ ]. "Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion." [ ] ***Abu–Jamal***, [***supra*** at] 89.

***Commonwealth v. Blakeney***, 596 Pa. 510, 946 A.2d 645, 662 (2008), *cert. denied,* 555 U.S. 1177, 129 S.Ct. 1317, 173 L.Ed.2d 596 (2009).

\* \* \*

Preliminarily, we note that it is well-settled that "[e]ven if prejudicial information was considered by the trial court, a judge, as fact finder, is **presumed to disregard inadmissible evidence and consider only competent evidence**." ***Commonwealth v. Fears***, 575 Pa. 281, 836 A.2d 52, 71 n. 19 (2003), *cert. denied,* 545 U.S. 1141, 125 S.Ct. 2956, 162 L.Ed.2d 891 (2005) (citation omitted).

Next, we observe that our Supreme Court has "tentatively accepted the extra-judicial source doctrine, noting that it is significant if the information at the root of the recusal motion was obtained in a prior proceeding of the case, and not from any pretrial bias or personal disdain." ***Druce***, *supra* at 110 (citing ***Commonwealth v. Boyle***, 498 Pa. 486, 447 A.2d 250, 252 n. 6 (1982)). The Court explained that "[u]nder the extra-judicial source doctrine, alleged bias stemming from facts gleaned from the judicial proceeding will rarely be grounds for recusal." ***Id.*** at 110 n.3. In further explanation, the Court cited with approval ***Liteky v. U.S.,*** 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). ***See id. Liteky*** elaborated:

[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, **judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases,**

**ordinarily do not support a bias or partiality challenge.** They may do so if they reveal an opinion that derives from **an extrajudicial source;** and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . **Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger,** that are within the bounds of what imperfect men and women, even after having been confirmed as [ ] judges, sometimes display. **A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.**

*Liteky, supra* at 555–56, 114 S.Ct. 1147 (some emphasis in original, some emphasis deleted, some emphasis added) (citations omitted).

*Commonwealth v. Kearney*, 92 A.3d 51, 60–62 (Pa. Super. 2014).

Here, Appellant offers no specific examples of bias, partiality or prejudice. The trial court's mere observation that the respective statements of the codefendants were "credibly similar," (PCRA Court Opinion, at 7), is a simple statement of opinion which falls far short of establishing bias or partiality.

Additionally, counsel cannot be faulted for failing to raise a meritless claim. Counsel properly declined to ask the judge to recuse herself. Appellant's first and second claims would merit no relief.

In his third claim, Appellant argues that defense counsel was ineffective by not being prepared during sentencing. *See* Appellant's Brief, at 3. He maintains that counsel should have rebutted evidence that in his youth, Appellant had been adjudicated delinquent for bringing a handgun to school.

*See id.* at 22-25. He concludes that a vigorous rebuttal "would have likely impacted on the determination of the sentence." *Id.* at 24. We disagree.

There is no dispute the juvenile record is accurate. Rather, Appellant posits that a vigorous rebuttal to the evidence of his juvenile record would have convinced the judge that Appellant was not "the type of **youth** who would conspire to commit the instant crime." Appellant's Brief, at 24 (emphasis added). Appellant claims, with no evidence in support, that the gun was unloaded.

It bears noting that this claim arises out of the sentencing hearing. Appellant is no longer a youth. Appellant was already convicted. There was no need to disprove that Appellant was "the type of youth who would conspire to commit the instant crime" for which he already stood convicted. In reality, there was no more than a passing reference at sentencing to Appellant's juvenile record. *See* N.T. Sentencing 9/11/09, at 49; *see also id.* at 1-76.[7]

Much more important to the sentencing court, in addition to the victim impact statements, was the evidence of Appellant's **adult** lifestyle (age twenty-seven at sentencing) as a seller of drugs, with firearms in his home,

---

[7] It bears noting that the sentencing court judge confirmed that she had received and read a pre-sentence investigation report for Appellant. *See* N.T. Sentencing Hearing, 9/11/09, at 71. "[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Boyer,* 856 A.2d 149, 154 (Pa. Super. 2004).

who planned and orchestrated the entire pursuit and transport of the victim, and who stood by while Nichols executed Mr. Pellegrino. *See id.* at 72.

In any event, on independent review of the sentencing hearing, we agree with the PCRA court that defense counsel demonstrated full familiarity with Appellant's record, and presented his arguments "intelligibly and forcefully." PCRA Court Opinion, at 11. Appellant fails to present and prove a claim of arguable merit that counsel was ineffective at sentencing. His third issue fails.

Finally, in his fourth claim, Appellant asserts counsel was ineffective by failing to argue a weight claim. *See* Appellant's Brief, at 3. Appellant notes, correctly, that on direct appeal this Court found the weight claim waived for failure to present it to the trial court and to develop a weight argument on appeal. *Nedby*, No. 1737 EDA 2010, at 6.

Appellant maintains that counsel should "have argued that the weight of the evidence was insufficient [sic] to convict Appellant of conspiracy to commit murder." Appellant's Brief, at 26. Once again, Appellant declines to establish by a preponderance of the evidence that defense counsel's actions were ineffective under the three-pronged *Pierce* test. It fails on that basis alone. *See Tharp*, 101 A.3d at 746–47.

Moreover, even if properly presented, it would not merit relief.

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the

verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **A new trial should not be granted because of a mere conflict in the testimony** or because the judge on the same facts would have arrived at a different conclusion.

*Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000) (citations and footnote omitted) (emphasis added).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.** Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (quoting *Widmer*, **supra** at 753 (emphasis added in original)) (citation omitted).

In this case, Judge New, who presided at the waiver trial as well as the PCRA court, confirms on appeal that if a weight claim had been timely raised, the verdict would not have shocked the conscience of the court. *See* PCRA Court Opinion, at 12.

On independent review, we discern no proper basis on which to disturb the verdict either. The evidence supports the conclusion that Appellant acted

with malice before, during, and after the killing. He orchestrated the hunt for the victim, summoned the assistance of his co-conspirator, Nichols, and took them to an isolated location on the waterfront in the middle of the night. He stood by while Nichols pistol-whipped the victim, as the victim begged for his life.

Appellant was not the shooter, but he engaged in a conspiracy where the victim's death was a natural and foreseeable consequence of his co-conspirator's conduct. It was the role of the trial court sitting as factfinder in the bench trial to weigh the evidence and to accept all, part or none of it. The trial court's verdict does not shock the conscience of this Court. Nor is there any discernible basis to assert abuse of discretion. Appellant fails to prove that if defense counsel had preserved a weight claim, it would have merited relief.

Appellant's claims are waived. Moreover, none of them would merit relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/19

- 14 -