J-S17022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCOS RIVERA | : | |
| | : | |
| Appellant | : | No. 1745 EDA 2021 |

Appeal from the PCRA Order Entered August 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013004-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCOS RIVERA | : | |
| | : | |
| Appellant | : | No. 1746 EDA 2021 |

Appeal from the PCRA Order Entered August 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013006-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCOS RIVERA | : | |
| | : | |
| Appellant | : | No. 1747 EDA 2021 |

Appeal from the PCRA Order Entered August 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002226-2016

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 27, 2022**

Marcos Rivera appeals[1] from the order, entered in the Court of Common Pleas of Philadelphia County, denying relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

The charges in this case arise from numerous allegations of sexual abuse lodged against Rivera with regard to three minor children.  The two male victims were friends of Rivera's son.  Rivera was an uncle by marriage of the female victim, whom he abused for approximately ten years.  The crimes occurred in Rivera's home on Hope Street in Philadelphia.

On October 13, 2017, a jury convicted Rivera of one count of rape of a child, three counts of indecent assault, three counts of corruption of minors, and three counts of unlawful contact with a minor.  On March 19, 2018, the trial court sentenced Rivera to an aggregate sentence of twenty-eight to fifty-six years' incarceration followed by twenty-one years' reporting probation.

On March 20, 2018, Rivera filed a post-sentence motion for reconsideration of sentence, which the trial court denied without a hearing on April 9, 2018.  On November 26, 2019, this Court affirmed Rivera's judgment of sentence.  ***See Commonwealth v. Rivera***, 224 A.3d 795 (Pa. Super.

---

[1] Rivera was charged in the trial court at three separate docket numbers. Rivera has complied with the dictates of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), by filing a separate notice of appeal for each docket number.  We have *sua sponte* consolidated Rivera's appeals.  ***See*** Order, 9/29/21.  ***See also*** Pa.R.A.P. 513.

2019) (Table). Rivera's petition for allowance of appeal was denied by the Supreme Court on July 7, 2020. *See Commonwealth v. Rivera*, 237 A.3d 380 (Pa. 2020) (Table).

On September 8, 2020, Rivera filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on February 2, 2021. On May 21, 2021, the Commonwealth filed a motion to dismiss Rivera's petition without a hearing. On July 23, 2021, the PCRA court issued a notice of its intention to dismiss Rivera's petition without a hearing pursuant to Pa.R.Crim.P. 907 and, on August 24, 2021, the court formally dismissed the petition. Rivera filed timely notices of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Rivera raises the following claims for our review:

1. Whether the PCRA court erred in denying relief, without a hearing, on Rivera's claim that appellate counsel was ineffective for failing to appeal the denial of Rivera's motion to reconsider sentence.

2. Whether the PCRA court erred in denying relief, without a hearing, on Rivera's claim that appellate counsel was ineffective for failing to appeal the denial of Rivera's motion for mistrial.

3. Whether the PCRA court erred in denying relief, without a hearing, on Rivera's claim that trial counsel was ineffective for failing to file a post-sentence motion asserting that the verdict was against the weight of the evidence.

Brief of Appellant, at 8 (reordered and rephrased for brevity and clarity).

We begin by noting that our review of a decision by a PCRA court is limited to evaluating whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.

- 3 -

*Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014). We view the factual findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. *Id.* Credibility determinations supported by the record are binding; however, our review of the court's legal conclusions is *de novo*. *Id.* at 1214-15.

Here, Rivera's claims all involve the ineffectiveness of counsel. When alleging such a claim, a petitioner bears the burden of disproving the presumption that counsel was effective. *Commonwealth v. Gonzales*, 608 A.2d 528, 531 (Pa. Super. 1992). Counsel is presumed to have provided effective assistance unless the petitioner proves that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked an objectively reasonable basis designed to effectuate the client's interest; and (3) petitioner was prejudiced such that there was a reasonable probability of a different outcome if not for counsel's errors. *Commonwealth v. Jones*, 951 A.2d 294, 302 (Pa. 2008). *See Strickland v. Washington*, 466 U.S. 668 (1984). Failure to satisfy any prong of the test will result in the failure of the ineffectiveness claim. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003).

Additionally, a PCRA court need not conduct an evidentiary hearing when there are no genuine issues of material fact, no relief is due, and a hearing would serve no legitimate purpose. *Commonwealth v. Hutchinson*, 25 A.3d 277, 285 (Pa. 2011). To obtain reversal of a PCRA court's dismissal without a hearing, a petitioner must show "that he raised a genuine issue of

material fact, which[,] if resolved in his favor, would have entitled him to relief." ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011) (citation and quotation marks omitted).

Rivera first alleges that appellate counsel was ineffective for failing to appeal the denial of his motion to reconsider sentence. Specifically, Rivera asserts that he would have been entitled to appellate relief where the trial court abused its discretion by imposing a sentence that "substantially exceeded the period of supervision contemplated by the sentencing guidelines," and did not consider Rivera's rehabilitative needs and mitigating circumstances. Brief for Appellant, at 21. Because the court did not abuse its discretion in sentencing Rivera, his ineffectiveness claim is meritless.

Sentencing is a matter vested in the sound discretion of a sentencing judge. ***Commonwealth v. Hill***, 66 A.2d 365, 370 (Pa. Super. 2013). The sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the "best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference." ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012). Thus, a sentence will only be deemed an abuse of discretion where it is obviously unreasonable or the record demonstrates that it was the result of partiality, prejudice, bias, or ill-will. ***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013). Where the trial court had the benefit of reviewing a pre-sentence investigation report ("PSI"), we must

- 5 -

presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] constitutes the record and speaks for itself. . . . Having been fully informed by the [PSI], the sentencing court's discretion should not be disturbed. This is particularly true . . . in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992).

A guidelines sentence will only be reversed if the application of the guidelines is unreasonable, meaning that it was imposed without express or implicit consideration by the sentencing court of the general standards of 42 Pa.C.S.A. § 9721(b).[2] To comply with these standards, a judge must consider the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *Commonwealth v. Coulverson*, 34 A.3d 135, 147 (Pa. Super. 2011).

_____

[2] Section 9721(b) provides:

[T]he court shall follow the general principle that the sentence imposed should call for a total confinement that is consistent with [section 9725] and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing[.]

42 Pa.C.S.A. § 9721(b).

Here, as the PCRA court notes in its opinion, Rivera was convicted of ten discrete sex-based offenses against three minor victims, including rape of a child, unlawful contact with a minor, corruption of minors, and indecent assault of a person under thirteen. Prior to sentencing, the court "thoroughly reviewed" a PSI. PCRA Court Opinion, 9/21/21, at 11. At sentencing, defense counsel strenuously argued on Rivera's behalf, emphasizing, *inter alia*, the difficult circumstances of Rivera's childhood, as well as Rivera's own childhood sexual abuse. Thus, the court was aware of, and considered, Rivera's mitigating circumstances and rehabilitative needs. **Hallock**, **supra**. Nevertheless, the court appropriately concluded that Rivera's actions warranted "a significant term of imprisonment," particularly in light of "the age of each victim and [Rivera's] relationship to each child," all of whom "trusted [him] as a caretaker, neighbor, and/or family member." PCRA Court Opinion, 9/21/21, at 12. Additionally, Rivera's aggregate sentence of twenty-eight to fifty-six years' incarceration, followed by twenty-one years' reporting probation, falls squarely within the standard range of the sentencing guidelines.

Moreover, Rivera's argument that he received "functionally a life sentence," Brief of Appellant, at 2, in violation of the precepts of the Sentencing Code, is meritless. As the PCRA court notes, the courts of this Commonwealth have repeatedly upheld similar sentences in cases involving multiple offenses and/or victims. **See, e.g.**, **Commonwealth v. Walls**, 926 A.2d 957, 960 (Pa. 2007) (upholding sentence of 21-50 years' incarceration

for repeated rape and involuntary deviate sexual intercourse of seven-year-old child where sentence based on defendant's position of trust and responsibility in caring for victim, tender age of victim, and familial relationship of victim to defendant). The court's determination that Rivera was not entitled to "age-based leniency, 'volume discounts,' or 'senior citizen discounts'" was not an abuse of discretion of misapplication of the law. PCRA Court Opinion, 9/21/21, at 13.

Rivera next claims that appellate counsel was ineffective for failing to appeal the trial court's denial of his motion for mistrial. The motion was raised when, in the presence of the jury, a sheriff asked Rivera to stand to be escorted into custody during a break in testimony:

> **The Court**: We will take a short break. Do not discuss this case with anyone else or conduct any independent research.
>
> **The Sheriff**: Sir, please stand up.
>
> **The Court Crier**: Um, no.
>
> **The Court**: No, no.
>
> **The Court Crier**: Please remain seated as the jurors leave the room. (jurors exit).
>
> **Ms. Young**: Your Honor, at this time I would move for a mistrial. It happened on the brink of her asking my client to—I mean there's no way that they're not going to be prejudiced by that. There's no way they don't know what's going on.

N.T. Trial, 10/4/17, at 31. Rivera's motion for mistrial was based on defense counsel's belief that the incident indicated to the jury that Rivera was in custody, thus prejudicing him in the eyes of the jurors. The trial court denied

the motion, concluding that the jury could have interpreted the incident in many different ways and the sheriff immediately desisted. The court offered to issue a curative instruction, which counsel declined, fearing it would only highlight the incident.

A mistrial is an extreme remedy, granted only when the relevant incident "is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." ***Commonwealth v. Wright***, 961 A.2d 119, 142 (Pa. 2008). The trial court's decision to deny a mistrial is reviewed for an abuse of discretion. ***Id.***

With regard to the specific circumstances of this case, our courts have held that jurors seeing a defendant in handcuffs is not inherently prejudicial and does not necessarily contaminate the jury's decision-making process, making a mistrial improper. ***Commonwealth v. Lark***, 543 A.2d 491, 501 (Pa. 1988). ***See also Commonwealth v. Young***, 849 A.2d 1152, 1156 (Pa. 2004) (reference by witness to defendant's police number not grounds for mistrial).

Rivera argues that there is a reasonable likelihood that the jury would not have convicted him if this incident had not occurred, and that appellate counsel "[had] no reasonable basis for not appealing the denial [of] a mistrial when the . . . prejudicial evidence was presented to the jury." Brief of Appellant, at 24. In response, the Commonwealth asserts that Rivera was not denied his right to a fair and impartial trial because the sheriff's brief action

was not inherently prejudicial and Rivera "was never seen handcuffed and never appeared in a prison uniform during trial." Brief of Appellee, at 17.

We agree with the PCRA court that it properly denied Rivera's motion for a mistrial. Rivera has offered nothing more than bald assertions that the interaction with the sheriff prejudiced him. Moreover, at the time of the interaction between Rivera and the sheriff, Rivera was in civilian clothing and was not confined to handcuffs. Additionally, he never stood completely upright, nor was he forcibly positioned upright, and the judge was addressing the jury at the time of the incident. As the Commonwealth emphasizes in its brief, jurors are not accustomed to court proceedings and etiquette, and it is routine for different parties to be asked to stand for various proceedings in a court room. *See id.* at 17. Because Rivera cannot demonstrate that he was prejudiced by the brief interaction with the sheriff, the PCRA court did not abuse its discretion in concluding that appellate counsel was not ineffective for failing to raise a meritless claim on direct appeal. *See Jones*, *supra*.

Finally, Rivera claims that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence. Rivera claims that the victims' testimony was inconsistent with prior statements and with physical evidence. For example, Rivera argues that, while S.C. reported that Rivera had anally penetrated her from the age six onward, a "physical examination of her body was normal and [showed] no signs of penetration." Brief of Appellant, at 25. He asserts that the testimony was so inconsistent as to shock one's sense of justice and, accordingly, trial counsel was

ineffective for failing to file a post-sentence challenge to the weight of the evidence. He is entitled to no relief.

Where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. ***Commonwealth v. Champey***, 832 A.2d 403, 408 (Pa. 2003). Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim. ***Id***. An abuse of discretion involves bias, prejudice, ill-will, manifest unreasonableness, or a misapplication of the law. ***Commonwealth v. Hardy***, 918 A.2d 766, 766 (Pa. Super. 2007).

For a new trial to be awarded based on a claim that the verdict was against the weight of the evidence, the verdict must be so contrary to the evidence that it shocks one's sense of justice. ***Commonwealth v. Hunter***, 554 A.2d 550, 555 (Pa. Super. 1989). As such, a mere conflict in testimony does not entitle a defendant to a new trial. ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000). Weighing evidence is a duty placed on the finder of fact, who is free to believe all, part, or none of the evidence, and to determine the credibility of witnesses. ***Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999).

Here, the PCRA court—also the trial court in this matter—concluded that it would have denied a post-sentence motion challenging the weight of the evidence. The court noted that trial counsel thoroughly cross-examined each victim, "specifically highlighting inconsistencies between their trial testimony

and their testimony at prior hearings." PCRA Court Opinion, 9/21/21, at 19. The jury heard and weighed all the testimony and "resolved any inconsistencies against [Rivera.]" *Id*. The PCRA court found that the testimonial inconsistencies were "not of such great weight that disregarding them caused a shocking miscarriage of justice." *Id*.

Moreover, as to Rivera's claim regarding S.C.'s normal physical examination, the PCRA court noted that "the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from the witnesses." *Id.* at 19-20, quoting *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006). The court also cited the testimony of Maria McColgan, M.D., who testified on behalf of the Commonwealth as an expert in the diagnosis and treatment of physical and sexual abuse of children. Doctor McColgan performed a physical examination of S.C. when S.C. was fifteen years old and did not find signs of abuse. *See* N.T. Trial, 10/6/17, at 60-61. However, Dr. McColgan also testified that "the vast majority of children . . . do not have definitive findings that there was penetration or physical injury from physical abuse. . . . [T]he vast majority of children have normal examinations. There's no physical way to tell if there was or wasn't penetration." *Id.* at 61. The court concluded that the jury "considered Dr. McColgan's testimony and determined that the lack of physical corroborating evidence did not overcome the evidence of [Rivera's] guilt," which the jury was "perfectly entitled" to do. PCRA Court Opinion, 9/21/21, at 20.

Upon our review of the record, we agree with the PCRA court that Rivera's underlying weight claim lacks merit. ***See Medina***, ***supra***. As trial counsel cannot be deemed ineffective for failing to raise a meritless claim, Rivera is entitled to no PCRA relief on this issue. ***See Jones***, ***supra***.

In sum, Rivera's claims on appeal are all meritless and he has failed to raise a genuine issue of material fact that would have entitled him to relief. Accordingly, the PCRA court did not err or abuse its discretion in denying Rivera relief without a hearing. ***Hanible***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2022