J-S24026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES LEE MOODY, | : | |
| | : | |
| Appellant | : | No. 837 EDA 2018 |

Appeal from the PCRA Order Entered February 16, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007262-2013

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 09, 2019**

James Lee Moody appeals from the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He claims that the court should have granted relief based on his claims of ineffective assistance of counsel. We affirm.

In 2014, the trial court found Moody guilty of theft offenses related to his employment as a bookkeeper for Victory Christian Fellowship ("the church"). The trial court sentenced Moody to six to 27 years' incarceration. We affirmed the judgment of sentence. ***See Commonwealth v. Moody***, No. 2202 EDA 2015, 2016 WL 5864028 (Pa.Super. filed August 18, 2016) (unpublished memorandum). Moody filed the instant timely *pro se* PCRA petition on November 1, 2016. Following a ***Grazier*** hearing, Moody continued

_____

* Former Justice specially assigned to the Superior Court.

*pro se*. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). In his

petition he raised the following ineffective assistance of counsel claims:

> (a) Trial counsel was ineffective for not investigating, interviewing, depose the testimonies, subpoena and compel the appearance of [Moody's] fact and character witnesses for trial.
>
> (b) Trial counsel was ineffective for not presenting material evidence and exhibits that was agreed upon as the primary theory for [Moody's] defense.
>
> (c) Trial counsel was ineffective for allowing Brady violation, and did not ask for a continuance to prepare for an adequate defense.
>
> (d) Trial counsel was ineffective by denying [Moody] the right to testify on his own behalf at trial.
>
> (e) Trial counsel was ineffective for not "Objecting" to the Commonwealth's [A]DA (Latzer) prosecutorial misconduct- for his prejudicial comment during his closing argument.
>
> (f) Trial counsel was ineffective for no obtaining exculpatory and material evidence (Discovery) from the Commonwealth as agreed.
>
> (g) Trial counsel was ineffective for not challenging jurisdiction and abuse of process by the Commonwealth.
>
> (h) Trial was ineffective in his representation by breach in loyalty, conflict of interest and not effectuating [Moody's] interest.

Moody's PCRA Petition, filed 11/15/16, at 3.

Moody then filed a motion to supplement his petition, which the PCRA

court granted. The supplement did not raise new claims, however, and instead

offered an additional witness, his wife, whom he wished to call to testify at an

evidentiary hearing, as well as other, additional evidence in support of his

original claims. **See** Supplement to Amended PCRA Petition, filed 3/23/17. The

PCRA court denied claims c, e, f, and g above, without a hearing. **See** Rule

907 Notice, filed 9/13/17. However, it held an evidentiary hearing as to the remaining claims.

At the evidentiary hearing, Moody, his wife, and a member of the church testified. The Commonwealth responded with testimony from Charles D. Mandracchia, Esq., the attorney for the church. The PCRA court denied Moody's petition and this timely appeal followed.

Moody raises the following issues before this Court:

I.      Did the PCRA Court err in finding [Moody] not credible, based only on an alleged prior *crimen falsi* [conviction], and the nature of the charges challenged in the PCRA itself?

II.     Did the PCRA Court apply the wrong standard to [Moody's] claim that his Trial Counsel was ineffective due to a "Conflict of Interest"?

III.    Did the PCRA Court err in not granting a new trial where [Moody] was denied his statutory and constitutional right to testify on his own behalf?

IV.    Did the PCRA Court err in dismissing [Moody's] meritable [sic] claims (c, e, f and g)?

V.     Did the PCRA Court err in dismissing [Moody's] meritable [sic] claims (a, b, d and h) after the commencement of the Evidentiary Hearing?

Moody's Br. at 2.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citation omitted). When the court denies a petition without holding an evidentiary hearing, "such a decision is within the

- 3 -

discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Id.* We are bound by the PCRA court's credibility determinations, when the record supports them, and we review its legal conclusions *de novo*. *Id.*

For purposes of an ineffectiveness claim, "counsel is presumed to have rendered effective assistance." *Commonwealth v. Lesko*, 15 A.3d 345, 374 (Pa. 2011). A petitioner may overcome this presumption by pleading and proving by a preponderance of the evidence that:

(1)   The underlying legal claim has arguable merit;

(2)   Counsel had no reasonable basis for [the] action or inaction; and

(3)   Appellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa.Super. 2019) (quoting *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018)). Prejudice in this context means "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. Spotz*, 84 A.3d 294, 312 (Pa. 2014) (quoting *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012)). A reasonable probability is one "sufficient to undermine confidence in the outcome of the proceeding." *Id.* (quoting *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010)).

In his first issue, Moody claims that the trial court erred in making a credibility determination based on his criminal record, "when at no point during the PCRA hearing, nor at trial was any prior criminal record admitted as *crimen falsi*." Moody's Br. at 16. In its Pa.R.A.P. 1925(a) opinion, the court stated that it did not find Moody credible and noted that Moody was found guilty of *crimen falsi* crimes both in the instant case and in a prior case:

> To the extent [Moody] testified about the beneficial testimony each would have offered had they been called at trial, this court did not find defendant credible.[3]
>
> > [3] [Moody] stands convicted of *crimen falsi* offenses in this case and has a prior *crimen falsi* conviction, which was introduced at trial.

PCRA Court Opinion ("PCO"), filed 5/16/18 at 7. The Commonwealth counters that Moody waived this argument because "[Moody's] prior thievery was admitted at trial without objection[.]" Commonwealth's Br. at 14 (citing N.T., 10/08/14, at 145-46 and 401-02).

Our review of the record confirms that the Commonwealth moved a copy of the certified record of Moody's prior conviction for theft-related offenses into evidence at trial without any objection from defense counsel. *See* N.T., Trial at 145-46; Commonwealth's Exhibit 11. Moody therefore waived this issue. In any event, the judge who presided over Moody's trial also presided over the PCRA hearing, and therefore was well aware of Moody's *crimen falsi* history. The judge was within his discretion to consider this information when making his credibility determination. No relief is due.

Next, Moody claims that the court erroneously applied the **Strickland v. Washington**, 466 U.S. 668, 687 (1984), standard rather than the **U.S. v. Cronic**, 466 U.S. 648, 659 (1984), standard for his claims of ineffective assistance of counsel. He argues that the **Cronic** standard applies because his trial counsel allegedly had a conflict of interest. **See** Moody's Br. at 23-24.

In **Strickland**, the United States Supreme Court held that in order to sustain a claim of ineffective assistance of counsel, a petitioner must show not only "that counsel's performance was deficient," but also that counsel's deficient performance prejudiced the petitioner. The Court determined that a petitioner establishes prejudice if the petitioner shows that the error undermines confidence in the verdict. **Strickland**, 466 U.S. at 687; **see also Commonwealth v. Pierce**, 527 A.2d 973, 976 (Pa. 1987).[1]

In **Cronic**, the Court recognized an exception to **Strickland**, holding that certain circumstances are so likely to produce an unreliable verdict that prejudice is presumed. **Mickens v. Taylor**, 535 U.S. 162, 166 (2002). Pursuant to **Cronic**, prejudice is presumed in three factual scenarios: "where there was an actual or constructive denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest."

---

[1] The Court in **Pierce** held that in order to sustain a claim of ineffective assistance of counsel, a petitioner must plead and prove: (1) the claim has arguable merit; (2) there was not a reasonable basis for counsel's actions; and (3) that petitioner was prejudiced by counsel's actions. **Pierce**, 527 A.2d at 975-76.

*Commonwealth v. Reaves*, 923 A.2d 1119, 1128 (Pa. 2007). An actual conflict of interest exists where "during the course of representation, the interests of appellant – and the interests of another client towards whom counsel bears obligations – diverge with respect to a material factual or legal issue or to a course of action." *Commonwealth v. Tedford*, 960 A.2d 1, 54 (Pa. 2008) (quoting *In Interest of Saladin*, 518 A.2d 1258, 1261 (Pa.Super. 1986)).

Here, at the evidentiary hearing, Moody contended that his trial counsel had a conflict of interest because counsel once worked in the same firm as the church's attorney, Mr. Mandracchia. Notably, he argued that he had established *Strickland* prejudice. He did not argue that the court should presume prejudice under *Cronic*.

> [Moody]: . . . [Trial counsel] – it seemed like – he didn't tell that – before I engaged [trial counsel's] legal services that he previously worked for Mr. Mandracchia's firm.
>
> If I knew that, if I knew that connection, I wouldn't have hired him.
>
> Then coming to find out that Mr. Mandracchia was representing defense's primary witness.
>
> ***
>
> [Moody]: I understand, Your Honor. And I just think that it had to be – maybe he owed the Mandracchia firm a favor.
>
> [Commonwealth]: Objection, Your Honor. Speculation.
>
> The Court: Overruled. Go ahead.

[Moody]: It just seemed like, you know, he – we had these mock trial and these conversations and these promises. And then when trial came, nothing materialized. He didn't represent me according to the Sixth Amendment.

**I believe the issues as was presented to you met all – the two prongs of Strickland versus Washington and the three prongs according to Commonwealth v. Pierce.**

**They were arguable merit. There was no reasonable basis for him not to do or to do what he did. And it prejudiced me of a fair trial in this hall of justice, Your Honor.**

N.T., PCRA Hearing, at 16-17 (emphasis added).

The PCRA court concluded that Moody failed to "present any credible evidence at the PCRA hearing to support" his claim that his trial counsel had a conflict of interest. TCO at 11. It concluded that "[Moody] presented nothing but his own speculative testimony that trial counsel breached a duty of loyalty or had a conflict of interest." *Id.* The PCRA court did not find Moody to be a credible witness and also noted that he failed to call his trial counsel as a witness thereby failing to sustain his burden to prove that a conflict of interest existed. *See id.*

To begin, Moody waived his argument that the trial court erroneously applied *Strickland* instead of *Cronic* by failing to argue in the trial court that the *Cronic* presumption should apply. *See* Pa.R.A.P. 302. Moreover, *Cronic* does not apply here. Moody's argument that his trial counsel used to work in the same firm as Mr. Mandracchia was not enough to establish an actual conflict of interest. Additionally, Mr. Mandracchia testified that he fired counsel from his firm "maybe 2010 --, 2010, 2012," *i.e.*, two to four years before

- 8 -

Moody went to trial. PCRA Hearing at 74. Thus, even if Moody had not waived the issue, the *Cronic* standard is inapplicable here.

Next, Moody claims that the PCRA court should have a granted his claim of ineffective assistance of counsel because he maintains that he was denied his right to testify at trial. This claim is meritless.

A claim of ineffective assistance of counsel regarding a defendant's right to testify at trial requires that the petitioner show "either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf." *Commonwealth v. O'Bidos*, 849 A.2d 243, 250 (Pa.Super. 2004). "Counsel is not ineffective where counsel's decision to not call the defendant was reasonable." *Commonwealth v. Breisch*, 719 A.2d 354, 355 (Pa.Super. 1998).

At the evidentiary hearing, Moody testified that he told his trial counsel that he wanted to testify but counsel advised against it because it would open the door to his *crimen falsi* record. However, Moody also testified, "I didn't press the issue. I didn't want to disrupt your court by being argumentative." N.T., PCRA Hearing at 14. The relevant portion of his testimony is provided below:

> [Moody]: . . . I told him – at the point of recess, I said, Mr. Fogle [trial counsel], I need to testify on my own behalf, you are leaving me here with no defense.
>
> He basically stated to me that if I do that I leave myself open for my prior record.

- 9 -

I said, well, I thought that you – we agreed that you would file a motion in *limine* to limit certain things that the DA could say.

I told him I had filed previously a motion to suppress my prior record prior to ten years in accordance with Federal Rule 404(b).

He said he would. Never did. And he says, well the DA filed a motion for *res gestae*.

Am I saying that right?

The Court: Yes, you are.

[Moody]: Well, he wouldn't have to – the judge would – if you would have argued something, the judge could have made an amenable decision on if it had probable value—or not.

And basically what the DA put the motion in for was different – the action was of the same transaction. So that would have been the argument.

He said he did. Did not.

Okay. So I said, listen, I need to testify. So he basically gave a false reason not to testify. Because I'm thinking that he had already filed a motion in *limine*. And he did not.

And I still wanted to testify. And he said that wasn't a good idea. I was frustrated. I didn't press the issue. I didn't want to disrupt your court by being argumentative.

So we didn't go no further with that.

All right.

*Id.* at 13-14.

The record supports the PCRA court's conclusion that Moody "failed to sustain his burden of proof on this issue." PCO at 9. Counsel's advice to Moody was reasonable because Moody's criminal record contained *crimen falsi*

convictions that the Commonwealth could have used to impeach his testimony. *See* Pa.R.E. 609(a). Additionally, because Moody did not call trial counsel as a witness, the only testimony the court heard regarding this issue was from Moody, whom it did not find credible. *See* PCO at 9 ("This court, as stated above, did not find [Moody] to be a credible witness at the hearing"). This claim warrants no relief. *Breisch*, 719 A.2d at 354-55.

Moody also argues that the PCRA court erroneously denied certain claims (paragraphs c, e, f, and g) without first holding an evidentiary hearing. These claims asserted counsel's ineffectiveness in failing to raise an alleged *Brady*[2] violation, not objecting to the Commonwealth's closing argument, failing to obtain exculpatory evidence, and not challenging the court's jurisdiction.

There is no absolute right to an evidentiary hearing on a PCRA petition. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v Springer*, 961 A.2d 1262, 1264 (Pa.Super. 2008) (citation omitted). In the context of ineffectiveness claims, "if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Baumhammers*, 92 A.3d 708, 726-27 (Pa. 2014).

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

Here, the trial court rejected these claims, except for the jurisdictional challenge, on the ground that this Court rejected the underlying claims on direct appeal. Moody does not address this conclusion on appeal, and instead flatly maintains that the claims were "meritable," without explanation. Moody's Br. at 37. This issue is therefore waived for lack of development. **See Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*) ("'The failure to develop an adequate argument in an appellate brief may [] result in waiver of the claim' under Pa.R.A.P. 2119") (quoting **Commonwealth v. Gonzalez**, 608 A.2d 528, 531 (Pa.Super. 1992)).

As to Moody's claim regarding the trial court's jurisdiction, his PCRA petition claimed that "trial counsel rendered ineffective assistance when he failed to challenge jurisdiction (criminal court), and Commonwealth's abuse of process in using a civil matter (express contract) to charge [Moody] in criminal court." PCRA Petition at 29. This claim is frivolous.

Moody was charged with crimes such as identity theft, receiving stolen property, and dealing in proceeds of unlawful activities, all of which are offenses under the Crimes Code. **See** 18 Pa.C.S.A. §§ 4120(a); 3925(a); and 5111(a)(1), respectively. Therefore, the case was properly within the jurisdiction of the Court of Common Pleas. **See Commonwealth v. McGarry**, 172 A.3d 60, 66 (Pa.Super. 2017) ("All courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code [pursuant to 42 Pa.C.S.[A.] § 931]") (citation omitted). The PCRA court did

not err in dismissing this claim without an evidentiary hearing. ***Baumhammers***, 92 A.3d at 726-27.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/19